# Danzey v. The State.

### Indictment for Robbery.

1. *Criminal law; trial and its incidents; adjournment of term by the commencement of another term.*—The question whether an adjourned term at which a defendant in a criminal case was tried and convicted was ended before the close of the trial by the commencement of a regular term of the court in another county, belonging to the same circuit, thus rendering the conviction illegal, is not well raised on appeal by a bill of exceptions which fails to show when the trial of the.

defendant ended, except by uncertain inferences and facts stated therein.

2. *Robbery; sufficiency of indictment.*—An indictment charging robbery from the person of one who was not the owner of the money taken, is not subject to demurrer because it fails to aver that such person was lawfully in possession of the money taken, or that he was the legal custodian thereof; the presumption being that the possession of such person was rightful.

3. *Juror and jury; relationship as affecting competency.*—Under the statute disqualifying a juror related to a defendant in a criminal case by affinity, within the fifth degree, computed by the civil law rule, which applies to collaterals, (Code, § 5016), the fact that the grandmother of a juror was a first cousin to the mother of the wife of one of three defendants, jointly indicted, does not render such juror incompetent; and his rejection on the ground of relationship against defendant's protest, after he had been accepted as a juror, constitutes a reversible error.

APPEAL from the City Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

The appellant, James Danzey, was jointly indicted with Festus McClenny and William Fuller for robbery. Before the trial of the defendant Danzey the other defendants were acquitted and James Danzey, was tried alone. The indictment contained two counts. The first count was as follows: "The grand jury of said county charge that before the finding of this indictment that James Danzey, William Fuller and Festus McClenney feloniously took thirty-seven hundred dollars in money of the United States of America, a description or denomination of which to the grand jury is unknown, the personal property of Sarah Locke of the value of thirty seven hundred dollars, from the possession and against the will of Jos. L. Locke by violence to his person, or by putting him in such fear as unwillingly to part with same."

To the first count of the indictment the defendant demurred upon the following ground: "That said first count in said indictment does not aver or charge that said Jos. L. Locke was lawfully in possession, or that he was the legal custodian of the said thirty-seven hundred

dollars which is alleged to have been the property of Sarah Locke." The defendant was tried at the adjourned term of the circuit court of Henry county. At the regular fall term of the circuit court of Henry county, towit, on October 6, 1899, the judge of said court called an adjourned term to commence on the first Monday in November, 1899, which was the 6th day of said month. The purpose of this adjourned term was the trial of the State v. James Harris for murder, and the trial of the State v. James Danzey et al. for robbery. On the 8th day of November, 1899, the defendant was placed upon trial. In reference to the organization of the jury the bill of exceptions contains the following recital: "While proceeding to draw and select the jury, the name of E. S. Bryan, a talesman juror in the cases was drawn and was sworn, and upon his examination by the court to ascertain his competency, answered to the question, 'Whether or not he was related to either of the defendants by blood or marriage,' 'That he was not related.' The court then announced that he was competent. The State and defendant then accepted him, and the court directed said juror to take his seat in the jury box which he did. A Mr. Mathews was next drawn and sworn to answer questions as to his qualification; when the attorney for the State asked leave of the court to ask said juror Bryan as to his relationship to the defendant Fuller. The defendants objected; the court overruled the objection and the defendants excepted. The State's attorney then asked said juror if his wife was not related to the defendant Fuller. He answered that she was a second cousin to Fuller. Said juror was asked how this relationship was created; he answered that he married the daughter of one Mathews and that said Mathew's wife's mother was first cousin of the defendant Fuller's mother. Said Mathews was then sworn and examined by the court, and he testified that his wife's mother was first cousin to the mother of defendant Fuller and that said juror Bryan married his (Mathews') daughter. The said juror Bryan had not been sworn as a juror in the case. This was substantially all the evidence upon the question of his eligibility. The court then adjudged the

2

said juror Bryan incompetent and disqualified on account of relationship, and directed him to stand aside and the defendant·duly excepted."

Under the opinion on the present appeal it is unnecessary to set out at length the facts of the case or the rulings of the trial court upon the evidence and the charges. given and refused.

After the introduction of all the evidence the bill of exceptions contained the following recital:· "The evidence was concluded by the State and the defendants on Saturday evening, November 11th, 1899.   After the conclusion of the evidence on Saturday and before the argument to the jury began, the defendant's attorney requested of the court to give his entire charge to the jury in writing.   The court then adjourned until the following Monday, 8 o'clock a. m., at which time the session was. resumed and the arguments made by the attorneys to. the jury proceeded during the day."

The bill of exceptions then continues:  "On Tuesday, November 14th, in open court the attorneys for the defendants presented the following motion to the court in writing, to-wit:  'Whereas the regular.term of the circuit court at the fall term 1899 was held during the week ending on the 6th day of October last and before the adjournment of said court at said term an order was made by said . . . . . . . . . . . that an adjourned term of said court would be held for one week beginning on the 6th day of November; and whereas the said adjourned term expired at the end of one week, towit, with the expiration of Saturday, 11th inst.   Now the aforesaid defendants on this, the 14th day of November, object to being further tried by the Hon. John P. Hubbard sitting as a court on the ground that there is no circuit court legally in session in Dothan at this date, and they pray to be discharged from custody."

On this appeal, the appellant contends that he should be discharged because at the time of his conviction the holding of the adjourned term of the circuit court in Henry county was without authority of law.

W. C. OATES, and HARMON, DENT & WEIL, for appellant. The court erred in overruling the demurrer to the first

count in the indictment. For aught that appears in the
first count the defendant may have taken the money
for the benefit and at the instance and request of the true
owner, Sarah Locke. This idea must be negatived in an
indictment for robbery which includes larceny.—*Bowen
v. State*, 106 Ala. 178; *Harris v. State*, 60 Ala. 50; *Un-
derwood v. State*, 72 Ala. 220; 12 Ency. Pl. & Prac. pp.
956-7.

The court erred in allowing the State to examine into
the competency of the juror Bryan, after being accepted
by both parties; there being a failure to show that the
cause for challenge was not known before acceptance.
*Sparks' Case*, 59 Ala. 82; *Roberts' Case*, 68 Ala. 515.

The court erred in excusing the juror Bryan.—Code
of 1896, § 5016.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—The question argued as to whether the
adjourned term at which the defendant was tried was
ended by the commencement of the period for holding
court in Covington county is not well raised. Notwith-
standing the bill of exceptions shows that the trial was
in progress during some part of Monday the 13th of
November, it may be for all that appears, that it was
completed before 12 o'clock of that day, which was the
time fixed by statute for commencing the Covington
court. It is shown that on Tuesday the defendant ob-
jected to being further tried and moved to be discharged
but how the motion was disposed of, or whether the trial
had not ended prior to the motion is not shown unless by
uncertain inference. The judgment by its recitals pur-
ports to have been rendered on November 8th.

The demurrer to the first count of the indictment was
properly overruled. The possession of the money taken
being averred in Locke, the *prima facie* presumption is
that his possession was rightful.—*People v. Shuler*, 28
Cal. 490.

The competency of jurors in respect of their relation-
ship to parties is regulated by statute.—Code, § 5016.
When existing only by affinity, the relationship does not

[Gilmore v. The State.]

disqualify unless it be within the fifth degree as computed by the civil law rule. By that rule as applied to collaterals, the count begins at one of the persons in question and proceeds up to the common ancestor, and then down to the other person, calling it a degree for each person both ascending and descending, and the number thus counted expresses the degree of kinship. Under the rule, the fact that the grandmother of the juror Bryan's wife was first cousin to the mother of the defendant Fuller's wife, did not render Bryan incompetent to serve as a juror. His rejection after acceptance by the defendant and against his protest, was error for which the judgment must be reversed.

Other questions which have been argued will not necessarily arise on another trial and need not be now considered.

Reversed and remanded.