# CASES

### IN THE

# COURT OF APPEALS OF ALABAMA

### NOVEMBER TERM 1913-14.

## Howell *v.* The State.

### *Murder.*

(Decided December 18, 1913. Rehearing denied February 3, 1914. 64 South. 522.)

1. *Criminal Law; Abatement; Time.*—Under Acts 1909, p. 315, a plea in abatement filed at a succeeding term from the term at which the indictment was found was not filed in time, and was properly stricken; in this case the indictment having been returned during the first week of the term in the town where the court was sitting, and where the homicide was committed.

2. *Jury; Competency; Relationship.*—Under section 7276, Code 1907, a juror, a widower with children, whose mother-in-law was a first cousin of the mother of the person alleged to have been killed was not connected by affinity with deceased within the prohibited degree.

3. *Appeal and Error; Examination of Witnesses; Discretion of Court.*—The fact that the court permitted a witness for the state to be re-examined shows no abuse of discretion where it is not shown by the bill of exceptions that the examination of the witness had been concluded, or that anyone conferred with him after he had commenced to testify.

4. *Homicide; Evidence.*—On a trial for homicide, evidence as to how a person who was in the store when the shooting took place, was wounded by one of the shots, and as to his position at the time, was admissible as descriptive of part of the occurrence preceding the killing, and as showing the relative positions of defendant and deceased, and the direction of the shot.

5. *Same; Instructions; Self-Defense.*—A charge to acquit defendant if defendant had a previously formed design to kill deceased, but, when the killing was done he was free from fault in bringing on the difficulty and could not retreat with reasonable safety, would require an acquital, although defendant shot deceased when there

was no real or apparent necessity for him to do so in defending himself, and even when he did not really believe that he was in danger, and hence, is properly refused.

6. *Same.*—A charge to acquit if defendant honestly believed when he shot deceased that he was in danger of death or great bodily harm, and that a man of ordinary prudence would have reasonably believed that he was in such danger, without reasonable escape without increasing his danger, unless he was at fault in bringing on the difficulty; and that the right of self-defense authorized one attacked in such way that he honestly and reasonably believed himself to be in danger of death or great bodily harm, without a chance of escape without increasing his danger, to kill, required an acquittal on the existence of a reasonable doubt as to the existence of a reasonable mode of escape without probable increase of danger, although defendant was not then in real or apparent danger of death or great bodily harm, and did not believe himself to be in such danger.

7. *Same.*—A charge asserting that unless defendant, when he shot deceased, was actuated by malice towards him, he was not guilty of murder, and that if a fear of personal injury reasonably and honestly entertained by him was the sole cause of the shooting, he was not guilty of murder in any degree, was properly refused as authorizing an acquittal for a killing because of fear of personal injury, reasonably and honestly entertained, though he was in no actual or apparent peril of life, and there was no necessity for taking life in defense of anyone.

8. *Charge of Court; Covered by Those Given.*—The words "supposition" and "hypothesis" are equivalent and a charge using the one sufficiently covers a similar charge using the other expression as to make its refusal not erroneous.

9. *Same; Weight and Sufficiency of Evidence.*—Charges as to the weight and sufficiency of evidence are properly refused as that is a question to be determined by the jury.

10. *Same; Covered by Those Given.*—Where requested instructions were substantially covered by written instructions given, their refusal is not error.

APPEAL from Winston Circuit Court.

Heard before Hon. J. J. CURTIS.

Clifford Howell was convicted of murder in the second degree, and he appeals. Affirmed.

The plea in abatement set up that the grand jurors returning the indictment were not drawn by the officers designated by law, and that the act under which they were drawn was unconstitutional and void. The propositions of evidence are sufficiently stated in the opinion.

The following charges were refused to defendant:

(9) "Unless the evidence in this case excludes every reasonable supposition but that of the guilt of defendant, you must acquit him."

Given charge 5 was as follows:

"Unless, from a consideration of all the evidence in this case, the evidence excludes to a moral certainty every reasonable hypothesis but that of defendant's guilt, you must acquit him."

Refused charge 13:

"Before you can convict defendant, Howell, in this case, the proof should be inconsistent with every other reasonable supposition except the guilt of defendant, and the jury should be so convinced from the evidence that each would be willing to act on such evidence in matters of the highest concern and importance to their own interest, or they cannot find defendant guilty."

(16) "I charge you that defendant, Howell, may have had a previously formed design to kill Weaver, yet if, at the time he did the killing, he was free from fault in bringing on the difficulty, and could not retreat with reasonable safety, you must acquit him."

(20) "If you believe the evidence of the witness for the defendant, you will acquit defendant."

(25) "The defendant in this case says that he killed Weaver in his necessary self-defense. This means that at the time he shot Weaver he was in such position and circumstances as to cause defendant to honestly believe, and he did believe, that he was in danger of death or great bodily harm, and that a man of ordinary prudence in Howell's situation would have been caused to reasonably believe that he was in such danger, and there was no reasonable manner for defendant to get away from such position without probably increasing his danger. If you have a reasonable doubt as to any of the

above elements from the evidence, you must acquit Howell, unless he was in fault in bringing on the difficulty, and, if you have also a reasonable doubt as to whether or not defendant, Howell, was free from fault in bringing on the difficulty, you must acquit him."

(62) "Self-defense simply means that one is attacked in such manner that he honestly and reasonably believes he is in danger of death or great bodily harm, that a man of ordinary prudence would reasonably believe himself in such danger, that there are no means of getting away just then without probably increasing his peril, and that he was free from fault in bringing on the difficulty. If there is a reasonable doubt of either one of the above elements, then defendant must be acquitted."

(40) "The fact that Howell used a deadly weapon on the occasion of the killing of Weaver is no presumption that defendant had a formed design to take the life of Weaver."

(44) "Unless you are satisfied from the evidence beyond a reasonable doubt, and to a moral certainty, that at the time Howell shot Weaver he was actuated by malice towards deceased, you cannot find Howell guilty of murder; and, if you further find that fear of personal injury reasonably and honestly entertained by Howell was the sole cause of his shooting, then he is not guilty of murder in any degree."

(61) "Reputation of Weaver for violence, if such has been shown, and any threats the evidence may show that he made against defendant, Howell, are to be considered by you along with the other evidence for the purpose of illustrating the circumstances of the killing, and for the purpose of weighing the conduct of Weaver on the occasion of the killing. A demonstration or overt act of attack made by a man of violent, turbulent, dan-

[Howell v. The State.]

gerous character, and who had recently been making
threats against the person who shoots him, may afford
much stronger evidence that the person so assailed or
attacked is in danger of great bodily harm than if made
by one of an opposite or peaceable character or disposi-
tion. You are authorized to consider that at the time
of the shooting that Howell acted under these in-
fluences, and I charge you that he had a right to so
act, if such threats and such character has been shown
by the evidence."

(Covered by given charges 42, 45, 46, 48, and 56.)

RAY & COONER, and MAYHALL & STAGNER, for appel-
lant. The plea in abatement was good on its face.—
—*Spivey v. State,* 57 South. 493; *Ex parte Spivey,* 175
Ala. 45; Acts 1909, p. 315. If it was not filed in time,
the record did not so show, and it should have been an-
swered by plea and not by demurrer.—*Mann L. Co. v.
Bailey I. Wks.,* 156 Ala. 598; *A. G. S. v. Clark,* 136 Ala.
461; *Brooks v. Continental I. Co.,* 125 Ala. 615. It was
filed in time.—*Nixon v. State,* 68 Ala. 535. The juror
was not competent as he was related within the pro-
hibited degree.—Sec. 7276, Code 1907; *Thomas v. State,*
133 Ala. 139. Charge 9 should have been given.—*Bones
v. State,* 117 Ala. 138; *Griffin v. State,* 150 Ala. 49;
*Sherrill v. State,* 138 Ala. 3; *Willis v. State,* 134 Ala.
429. Charge 13 should have been given.—*Welsh v.
State,* 96 Ala. 92; *Bouldin v. State,* 102 Ala. 78; *Allen
v. State,* 111 Ala. 89. Counsel discuss other assign-
ments of error, but without citation of authority. The
court erred in admitting evidence as to the wound of the
person other than deceased, and as to the position of
the parties when such person was wounded.—*Gaines v.
State,* 143 Ala. 16; *Abernathy v. State,* 129 Ala. 88;
*Dennis v. State,* 118 Ala. 72; *Perry v. State,* 91 Ala. 83.

R. C. BRICKELL, Attorney General, for the State. The court properly struck the plea in abatement because not filed in time. Section 23, Acts 1909, p. 315. There was no error in the court's action as to the juror.— *Thomas v. State,* 133 Ala. 142. The evidence as to the wounding of the other party was admissible as a part of the occurrence just preceding the killing, and as bearing on the relative positions of the parties. Counsel discusses charges given and refused, but without citation of authority.

.WALKER, P. J.—It is not made to appear by the record that the court was in error in striking the defendant's plea in abatement to the indictment. The statute provides that "any plea in abatement to an indictment must be filed at the first term at which the indictment was found, if the accused has been arrested, · or if the accused has not been arrested such plea in abatement must be filed at the first term at which it is practicable after the defendant has been arrested."— Acts of Ala. Special Session 1909, pp. 305, 315, § 23. The killing charged in the indictment occurred during the first week of the fall term of the court in 1912 in the town in which the court was sitting, and the indictment was returned into court during the same week. The plea in abatement was not filed until during the succeeding term of the court. The record does not show that it was filed within the time fixed by the statute above quoted.

The statement of a juror that the mother of his dead wife, who left children who were living, and the mother of Walter Weaver, the person alleged to have been killed, were first cousins did not show that he was connected by affinity within the fifth degree with said Weaver, or that he was subject to challenge by the de-

fendant for cause.—Code, § 7276; *Danzey v. State,* 126 Ala. 15, 28 South. 697.

Counsel for the appellant with some harshness criticize the trial court for an alleged abuse of its discretion in permitting a witness for the state to be re-examined after his testimony had been concluded, and the solicitor had had a conference with him. The bill of exceptions does not show that there was such an occurrence as the one complained of. While it shows that the defendant's counsel suggested, as a ground of objection to certain questions asked this witness, that they followed "another conference" between the witness and the solicitor, it does not show that this suggestion was founded on fact. It is not made to appear that, at the time the questions were permitted to be asked, the examination of the witness had been concluded, or that any one conferred with him after he commenced to give his testimony. We find no evidence of the court's abuse of its discretion in this matter as it is disclosed by the bill of exceptions.

The evidence as to how one who was in the store when the shooting by the defendant took place was wounded by one of the shots was admissible as being descriptive of part of the occurrence which resulted in the death of the deceased. This evidence, in connection with that as to the location of the wounded person at the time, was capable of shedding some light upon the questions of the relative positions of the defendant and the deceased, and the direction of the shots. There was no error in admitting it.—*Hammond v. State,* 147 Ala. 79, 41 South. 761; *Smith v. State,* 88 Ala. 73, 7 South. 52.

The proposition stated in written charge 9 refused to the defendant was covered by written charge 5 given at his request, unless the word "supposition" as used in the former imports something other or different from

the meaning conveyed by the word "hypothesis" as used in the latter. As they were used in the respective charges the two words are equivalents in meaning.— *Yarbrough v. State,* 105 Ala. 43, 56, 16 South. 758. It follows that the defendant could not have been prejudiced by the court's refusal to give the first-mentioned charge.

In view of the instructions contained in written charges 5 and 28 given at the defendant's request, it is plain that he has nothing to complain of in the court's refusal to give his written charge 13.

Obedience to written charge 16 requested by the defendant would have required the jury to acquit him, though they found from the evidence that the defendant shot the deceased when there was no real or apparent necessity for him to do so in order to defend himself, and when he did not really believe that he was in danger. The charge was properly refused.

Written charge 25 requested by the defendant was properly refused, as it was so expressed as to require a verdict of acquittal if the jury had a reasonable doubt as to the existence at the time of the killing of "a reasonable manner for the defendant to get away from" the position he occupied without probably increasing his danger, though they found from the evidence that he was not at the time in real or apparent danger of death or great bodily harm, and that he did not believe himself to be in such danger. It is not necessary to inquire as to the existence of other faults in the charge. Charge 62 refused to the defendant is subject to a similar criticism.

Charge 40 refused to the defendant was invasive of the province of the jury, and was properly refused. It was for the jury to determine what inference as to the purpose or intent of the defendant was to be drawn

[Howell v. The State.]

from his use of a deadly weapon in the circumstances disclosed by the evidence.

If charge 44 requested by the defendant had been given, the jury might well have inferred from it that, if one kills another because of fear of personal injury reasonably and honestly entertained, he cannot be guilty of murder, though he was not at the time in any actual or apparent peril of life or limb, and there was no necessity of his taking another's life in defense of any one. A homicide may have in it every element requisite to constitute murder, though the perpetrator is led to commit the act solely by his honestly and reasonably entertained fear that at some time he may be subjected to some personal injury at the hands of the victim. Manifestly the defendant was not entitled to require the court to give such a charge.

The court was justified in refusing to give written charge 61 requested by the defendant, as the propositions stated in it were substantially covered by written charges given at his request.

What has been said above disposes of the rulings of the trial court of which complaint has been made in the argument of the counsel for the appellant. The record presents for review other rulings, all of which have been duly considered by the court. We discover no reversible error in any of them. It may be that already more than is necessary has been said in justification of the actions of the trial court as disclosed by the record.

Affirmed.