# Hale *v.* The State.

## *Murder.*

(Decided December 18, 1913.   Rehearing denied February 3, 1914.
64 South. 530.)

1. *Indictment and Information; Quashing; Time; Manner.*—Under
Acts 1909, p. 315, objection to an indictment on the ground of the
formation of the grand jury can be taken only by plea in abate-
ment which must be filed before a plea to the merit; hence, it is
not error to overrule a motion to quash filed after the plea to the
merits and not based on such ground.

2. *Jury; Venire; Premature Return; Remedy.*—A premature re-
turn of a venire by a sheriff not being ground for objection to or for
quashing the venire, under Acts 1909, p. 315, the remedy of a defend-
ant arraigned before the regular return day is to make proof that
the jurors returned as out of the city or county, would probably
return before such day, and move for a postponement of the arraign-
ment, and for a continuance by the sheriff of his efforts to serve
them.

3. *Same; Presumption.*—Officers are presumed to have discharged
their full duty, and a sheriff's return prima facie imports verity as
to the facts stated in it; hence, the court may assume, till the con-
trary is shown, that the sheriff ascertained that the jurors reported
as out of the city and not found in the county, would remain away
until after the regular return day.

4. *Witnesses; Credibility; Explanation.*—Where, on cross-examina-
tion a witness testified to his previous conviction, it was competent
on re-examination to permit him to state that this was twenty
years ago when he was only twenty-one years old, as a circumstance
to aid in determining how much his testimony should be discredited,
because of such conviction.

5. *Criminal Law; Showing; Material Statements.*—Where the facts
recited are immaterial to any issue in the case, such a statement in
a showing made for an absent witness by a defendant, may be
properly stricken.

6. *Charge of Court; Misleading.*—Charges which are involved, con-
fusing or misleading are properly refused.

7. *Same; Explanation of by Court.*—A trial court may give of its
own motion correct explanation of the meaning of charges given at
defendant's request, such as that "satisfies to a moral certainty
means, not to an absolute mathematical certainty, but convinced
beyond a reasonable doubt."

8. *Homicide; Self-Defense; Explanation.*—Where the court gave
at defendant's request a charge asserting that defendant was under
no duty to show or explain who was at fault in bringing on the
fatal encounter, if the evidence shows that it reasonably and hon-

[Hale v. The State.]

estly appeared to him that he was in imminent peril to life or
great bodily harm, and that an attempt to escape would increase his
peril, the court properly explained it as meaning that the burden
is on the state to show that defendant was not free from fault in
bringing on the difficulty, if defendant shows that he was in immi-
nent peril, and that he could not retreat without increasing his
peril.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. E. GREENE.

Will Hale was convicted of murder in the second de-
gree, and appeals. Affirmed.

Motion to quash the indictment was based on the
ground that the grand jury which returned the indict-
ment was not drawn in the manner required by law,
the motion pointing out the objections, and also on the
ground that the law under which the grand jury was
drawn and impaneled is unconstitutional and void. The
grounds for motion to quash the venire sufficiently ap-
pear from the opinion.

The defendant introduced a showing for Bud Wingo,
one of his absent witnesses, to the effect that Oscar
Lynn, a witness for the state, told Wingo a few days
after the killing that he had a debt against defendant,
and was a partner with defendant, and that he expected
to testify against him hard enough to keep him in jail
long enough for Lynn to get all the property that Hale
owned; that witness knew of the property, and where
it was, and that the wife of defendant had not had the
possession of the goods that were in the house when
Hale was arrested, and that the goods were moved with-
out the wife's knowledge, and consisted of tobacco, soda
water, cigars, canned goods, and whisky. On motion
of the solicitor, the court struck out the latter part of
the clause beginning, "and that Will Hale's wife had
not had possession," etc.

The court gave, at the request of defendant, written
charge 1 as follows: "If, on a consideration of all the

evidence in this case, you find the evidence so nearly balanced that the mere weight of it is on the side of the state, and not so heavy and strong as to satisfy you to a moral certainty that it is true, you cannot find defendant guilty."

On its own motion the court said, in explaining said charge: "Satisfy your minds to a moral certainty; that does not mean an absolute or mathematical, irrevocable certainty, for, if that were so, you could never be satisfied of any fact that was dependent upon human testimony. That means the same thing as to be convinced beyond a reasonable doubt."

The court also gave charge 2, as follows: "The defendant is under no duty to show or explain who was in fault in bringing on the fatal encounter, if the evidence shows that it reasonably and honestly appeared to the defendant that he was in imminent peril to life or great bodily harm, and that an attempt to escape would incerase the peril."

Of its own motion the court said, in explaining said charge: "The Supreme Court has held that as to self-defense the charge means that the burden of proof is on the state to show that defendant was not free from fault in bringing on the difficulty. In other words, it asserts substantially that, if defendant had shown that he was in imminent peril, and that he could not retreat without increasing his peril (upon these elements the burden is on defendant), he is entitled to acquittal, unless the state then shows that defendant is at fault. In other words, the burden of proof was upon the state to show that the other elements were present, if the defendant shows the other two."

The following charges were refusel to defendant:

(7) "I charge you that you are not bound to believe that defendant has proven that he was in imminent

[Hale v. The State.]

peril, from which there was no escape, and that he was without fault in bringing on the conflict, before you can acquit him."

(11) "Every fact in the case might point to defendant as a guilty man, and there might be no evidence that even tended to show that he was not guilty, and the jury would not be authorized to find a verdict against the defendant."

(12) "If the testimony of the defendant, reasonably and carefully considered in connection with all the other evidence, reasonably satisfies you that his statement is true, and leaves in your mind a reasonable doubt as to what the real facts are as to what actually did occur at the time of the killing, you should not convict the defendant."

ALLEN & BELL, for appellant. Counsel discuss motion to quash the indictment but without citation of authority. They insist that the venire should have been quashed, because of a premature return which rendered it no return.—*Berry v. Berry,* 81 Ala. 103; *B'ham D. G. Co. v. Bledso,* 117 Ala. 495; *Independent P. Co. v. Am. Pr. Assn.,* 102 Ala. 475; *R. R. Co. v. Brannan,* 11 South. 468; *Paul v. Malone,* 6 South. 351; *Cassick v. Nitcher,* 8 Ala. 622; *Brown v. Simpson,* 2 Stew. 331; 18 Enc. P. & P. 905, 941 and 946, and cases cited. Counsel discuss the assignments of error relative to evidence but without citation of authority. Counsel insist that the court was in error in refusing the instructions requested by defendant, and specially erred in its explanation of the charges given for defendant.—*Wilson v. State,* 54 South. 572; *Calloway v. Gay,* 143 Ala. 524; *Blewett v. State,* 151 Ala. 31; *Fantroy v. State,* 166 Ala. 27; *Hooper v. State,* 106 Ala. 41. Defendant was certainly entitled to have charge 11 given.—*Ex parte Acree,* 63 Ala. 234; *Gilmore v. State,* 99 Ala. 154.

R. C. Brickell, Attorney General, and T. H. Seay, Assistant Attorney General, for the State. The court properly overruled the motion to quash the venire.— Secs. 16, 17, Acts 1909, p. 315. Counsel discuss the charges refused, as well as the court's explanation of those given, with the insistence that no error intervened, but they cite no authority in support thereof.

Thomas, J.—The appellant, who was indicted for murder in the first degree, pleaded not guilty on arraignment. Subsequent, and on the day of his trial, he filed a motion to quash the indictment on a ground going to the formation of the grand jury that returned the indictment. The court committed no error in overruling the motion, and this for two reasons: Section 23 of the jury law (Acts Sp. Sess. 1909, p. 315) requires, in mandatory terms, in the first place, that such an objection to an indictment must be taken only by a plea in abatement, and, in the second place, it likewise requires that such plea in abatement must in all cases be filed before the plea to the merits.—*Morgan v. State*, 8 Ala. App. 172, 63 South. 21; *Spivey v. State*, 172 Ala 393, 56 South. 232.

The defendant, at the trial, also made a motion, which was likewise overruled, to quash the special venire of jurors served upon him, and predicates his contention that this motion should have been granted on the following state of facts disclosed by the record. The venire for the regular jury drawn to serve for the week in which defendant was to be tried, to wit, the week commencing February 24, 1913, consisted of 45 persons, and was issued on February 5, 1913, and made returnable on February 24, 1913. On February 14, 1913, however (ten days, as seen, before the return day of this venire), the sheriff actually returned it into court, and

that as fully executed as to 42 of the persons named in it, but not executed as to 3 of such persons, each of whom, the return stated, was "out of the city, and not found in Jefferson county." Three days after this return was made, and seven days before the regular return day of that venire, the defendant was arraigned, to wit, on February 17, 1913, when a special jury of 45 persons was then drawn, and an order entered setting his trial for February 24, 1913, and requiring the sheriff to summon for that day 87 persons as a venire to try defendant's case, including the 42 persons before mentioned as having been summoned on the regular venire. The defendant insists that this premature return made by the sheriff on the regular venire was void in that, having been made before the regular return day of the writ, it failed to show a full or complete execution of that writ, and that, being void, it could not form a valid predicate or basis upon which the court could proceed, under section 32 of the jury law, in drawing, on the day of defendant's arraignment, which, as seen, was before such regular return day, a special jury for the trial of defendant's case, since the regular venire not having been then fully executed, and there then remaining seven days for its further execution, as appearing from the face of the return, the court could not properly say that the 42 persons of the regular venire that had been summoned up to that date were all that would be summoned, and that consequently its action in relying on this premature return, and in assuming therefrom that the 3 regular jurors shown therein not to have been summoned would not be summoned, was unauthorized and void.

It is not to be disputed that 22 Am. & Eng. Ency. of Law (1st Ed.) 196, cited by appellant, correctly states the general rule relative to the return of process as fol-

lows: "Process should properly be returned on the return day; if, however, it has been served, there can be no objection to its being returned before the regular day, since no possible injury can occur from it. But, if the return is to be not found after diligent search or 'not executed' or of similar character, showing a non-execution, it must not be made before the regular return day." See, in connection, section 16 of the jury law (Acts Sp. Sess. 1909, p. 311). But the remedy of one circumstanced as was defendant for such a premature return by the sheriff to a regular venire is not by a motion to quash the venire served upon defendant, as was here resorted to, because our jury law denies to the defendant such remedy. Section 29 thereof expressly provides that "no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors"; and sections 17 and 32 of the same statute provide that, "if the sheriff fails to summon any jurors drawn, or any person summoned fails or refuses to attend the trial, or there is any mistake in the name of any person drawn or summoned, none nor all of these grounds shall be sufficient to quash the venire or continue the cause." We are of opinion, therefore, that the defendant's remedy for the premature return, if he deemed himself aggrieved thereby, was to have, on his arraignment, or at some other appropriate time, made proof that the 3 persons reported in the return as being "out of the city, and not found in the county," would probably return to the city or county before the regular return day of the venire, and to have then moved the court on such showing to postpone his (defendant's) arraignment until that regular return day, and to require the sheriff in the meantime to continue in an effort to serve those persons. If he succeeded, the defendant would then have had the benefit of their names

[Hale v. The State.]

on his venire when subsequently arraigned, and, if he failed, it would furnish no ground to quash the venire. Officers are presumed, in general, to have discharged their full duty and a sheriff's return prima facie imports verity as to the facts stated in it (*Paul v. Malone & Collins,* 87 Ala. 544, 6 South. 351); consequently the court, for the purpose of upholding the premature return, was warranted in assuming, until the contrary was shown, that the sheriff had ascertained before making this return, that the 3 mentioned persons would remain out of the city and county at least until after the regular return day. If the facts assumed be true, a delay in making the return would have been useless, and would not have resulted in serving either of such persons; and, if they were not true, it was incumbent on defendant, if he considered himself injured by the assumption that they were true, to have seasonably impeached the return. Failing to do so, he is, under our jury law, without just or legal cause for complaint.

The several objections to evidence are entirely without merit, and with two exceptions are abandoned in the brief of defendant's counsel. One of these relates to the action of the court in permitting the state's witness Lynn, who on cross-examination had testified that he had been once convicted of buying stolen property, to state on redirect examination that this conviction was more than 20 years before, and that at that time he was only 20 years old. Such evidence we think admissible to go to the jury as a circumstance to aid them in determining how much the witness' testimony on the present trial should be discredited, if at all, by reason of such prior conviction for a crime involving moral turpitude. It certainly showed that he had had time to reform, whether he did or not, and that the crime had been committed when he was at such an age that it was

more likely he could and would subsequently reform than if committed in more mature years after habits and character, whether good or bad, became more permanently fixed.

The court committed no error in excluding, upon motion of the solicitor, the statement that was excluded or stricken from the showing made by defendant for his absent witness, Wingo. The facts stated in the statement so stricken or excluded were entirely immaterial to any issue in the case.

Charges 7, 11, and 12—the only refused ones urged in the brief of defendant's counsel as being good—were each properly refused. Though otherwise faulty, no more need be said with respect to any of them than that each is involved, confusing, and misleading—so clearly so, as will appear from a mere reading of each, as to save the necessity of a discussion.

We are likewise of opinion that there is no merit in the contention that the court erred in his ex mero motu explanation to the jury of given charges 1 and 2. It was not a qualification, limitation, or modification of either of these charges, but a mere explanation, and a correct one, of the meaning of those charges, which was entirely proper.—*Morris v. State*, 25 Ala. 57; *Williams v. State*, 98 Ala. 22, 12 South. 808.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.