10 So.2d 35

## DAVIS v. STATE.

### 4 Div. 711.

Court of Appeals of Alabama.

June 23, 1942.

Rehearing Denied Oct. 6, 1942.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of grand larceny and his punishment fixed at imprisonment in the penitentiary for the

term of three years. Code 1928, Sec. 4905, Code 1940, Tit. 14, § 331.

It was alleged in the indictment, and the State's evidence tended to show, that he "feloniously took and carried away one 6 horse Stover engine, of the value of $50.00, the personal property of Garland Thompson."

Garland Thompson, as a witness for the State, on the trial, identified positively an engine found in Loyd Frasier's Junk Yard as the one taken from him.

Testimony on behalf of defendant (appellant) tended to show that the identification was only for the purposes of the present trial.

In other words, it was the appellant's contention, as exhibited in testimony offered by him, that the said engine found in Loyd Frasier's Junk Yard was not certainly identified as having been brought there by appellant—as it must have been, in order for appellant to have been shown to be guilty under the State's testimony.

After, as stated, Garland Thompson had on this trial positively identified the said engine as his own which was stolen, appellant sought to lay a predicate for impeaching him by showing that he had, before the grand jury, a short time after his engine was taken, sworn that he did not know the description of the stolen engine—alleged to have been taken, by the way, from a place on a creek, where it had been formerly used—but not then presently—for sawing wood.

The question put to the witness Garland Thompson on cross-examination by appellant, after properly specifying time, place, and occasion, was: "Didn't you before the Grand Jury then and there swear that you didn't know the description of the engine?"

Why the State's objection to said question was sustained we are not advised in briefs filed here. And we can not see why it was done.

 It is always permissible to impeach the testimony of a witness by showing a prior contradictory statement as to a material matter. Harmon v. State; 166 Ala. 28, 52 So. 348.

Here, as we have indicated, it was material that the engine found in Loyd Frasier's Junk Yard be identified as the one alleged—and inferentially shown—to have been stolen from Garland Thompson and carried to the said Junk Yard by appellant.

The appellant's testimony was to the effect that Garland Thompson at first, and before the trial, identified first one and then another engine found in Loyd Frasier's Junk Yard as being Thompson's stolen engine.

But upon the trial Garland Thompson sought to clinch the matter by positively identifying this certain engine as being the one.

Surely, it seems to us, and we hold, appellant had the right, if he could, to show that Garland Thompson had sworn to the Grand Jury he did not know the description of his engine which was alleged to have been stolen by appellant.

To the suggestion that Thompson's testimony before the Grand Jury could no be offered to impeach him—regardless of what his answer to the question we have quoted above may have been—we have only to call attention to Code 1923, Sec. 8680 Code 1940, Tit. 30, § 87, viz: "A grand juror may be required by any court to disclose the testimony of any witness examined before the grand jury for the purpose of ascertaining whether it is consistent with the testimony given by the witness before the court, or on a charge of perjury against him."

For the error in sustaining the State's objection to the hereinabove-quoted question the judgment of conviction is reversed and the cause remanded for another trial.

Reversed and remanded.