37 So.2d 223

**FLOURNOY v. STATE.**

**8 Div. 452.**

Supreme Court of Alabama.

Oct. 14, 1948.

Proctor & Snodgrass, of Scottsboro, for petitioner.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., opposed.

BROWN, Justice.

The petitioner was convicted of incest, the offense denounced by § 325, Title 14, Code of 1940, and was sentenced to the penitentiary for a term of seven years. From the judgment of conviction he appealed to the court of appeals where the judgment was affirmed. By his petition for certiorari he seeks to review and reverse said judgment of affirmance. His major contention is that the indictment under which he was tried charged in separate counts incest and rape. Each of said counts was in statutory form (Code of 1940, Tit. 15, § 259, forms 67 and 89) and named as the injured party or victim of said offenses the same person—Gladys Green, as the evidence stated by the court of appeals shows, the daughter of his wife. Code of 1940, Tit. 14, § 325.

Petitioner's major contention is that the indictment is duplicitous, that there was a misjoinder of offenses in the indictment and that his demurrer interposed thereto was erroneously overruled. We are not of opinion that this contention has merit. The questions presented are not within the influence of §§ 248, 249, Tit. 15, Code of 1940, dealing with alternative averments in a single count of an indictment, but are governed by well settled principles of procedure and trial practice which are well expressed in some of our early cases.

In Mayo v. State, 30 Ala. 32, the court observed: "Where two distinct felonies are charged in different counts, it is not a matter of legal right pertaining to the accused, that the State should be compelled

286

to elect for which one of the offenses it will prosecute; nor will the court compel such election, where the two counts are joined, in good faith, for the purpose of meeting a single offense. It is a practice sanctioned by common custom, and by the law, to charge a felony in different ways, in different counts of the indictment, so as to provide for the different phases which the evidence may present upon the trial; and where such is the bona-fide purpose of the joinder of counts, the court never exercises its power of quashing the indictment, or compelling an election. Baker v. State, 4 Ark. 56; Kane v. People, 8 Wend. [N.Y.], 203; Roscoe's Criminal Evidence, 231-32; Archb.Cr.Pl. 95, note 1; Barb.Cr.Law, 340; People v. Rynders, 12 Wend. [N.Y.], 425; The State v. Nelson, 8 N.H. 163; State v. Coleman, 5 Port. 32. The principle to be extracted from these authorities is, that the court should always interpose, either by quashing the instrument, or by compelling an election, where an attempt is made, as manifested by either the indictment or the evidence, to convict the accused of two or more offenses growing out of distinct and separate transactions; but should never interpose in either mode, where the joinder is simply designed and calculated to adapt the pleading to the different aspects in which the evidence on the trial may present a single transaction. It is not in any way shown that the purpose or effect of the joinder in this case was to require the accused to answer two distinct offenses; and the court, therefore, properly refused to compel an election by the State." This rule was reaffirmed in Howard v. State, 108 Ala. 571, 572, 18 So. 813, and in Orr v. State, 107 Ala. 35, 18 So. 142.

Demurrer to the indictment is not the appropriate remedy. Tanner v. State, 92 Ala. 1, 9 So. 613, 614. In the last cited case Stone, C. J., observed: "If, when the case or cases were developed in the testimony, it became apparent that there were two distinct, disconnected offenses, it then became the duty of the presiding judge, if moved thereto, to require the prosecution to elect on which offense a conviction would be claimed."

 It is not permissible to join counts for felonies with counts for misdemeanor in the same indictment and such joinder renders the indictment demurrable. Adams v. State, 55 Ala. 143.

The other questions argued by petitioner relate to rulings on the admission or rejection of proffered testimony and to all such rulings the courts of appeals applied the doctrine of error without injury. In the absence of a full statement of the evidence in the opinion of the court of appeals, these questions are not reviewable on certiorari. Campbell v. State, 216 Ala. 295, 112 So. 902.

The prayer of the petition is due to be denied and petition dismissed.

Certiorari denied and petition dismissed.

LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.