51 So.2d 541

### OWEN v. STATE.

8 Div. 580.

Supreme Court of Alabama.

Feb. 22, 1951.

Rehearing Granted March 22, 1951.

356

S. A. Lynne and Russell W. Lynne, of Decatur, for appellant.

Si Garrett, Atty. Gen., and Wallace L. Johnson, Asst. Atty. Gen., for the State.

BROWN, Justice.

The appellant, defendant in the circuit court, was indicted by a Grand Jury organized in the Circuit Court of Lawrence County for murder in the first degree, the indictment charging that he "unlawfully, and with malice aforethought, killed Grady Burt Terry, by shooting him with a gun or pistol, against the peace and dignity of the State of Alabama." On his trial he was convicted of murder in the first degree and sentenced to life imprisonment in the state penitentiary. From that judgment he has appealed.

The first contention made by appellant's learned counsel is that the record fails to show that defendant failed to plead to the indictment and that a plea of "not guilty" was not interposed for him. This contention is without merit. The record affirmatively shows that the indictment was endorsed: "Grand Jury No. 2. A True Bill", which indictment was endorsed by "Duke Bailey, Foreman Grand Jury. Filed in open Court on the 1st day of August, 1950, in the presence of the Grand Jury.", such filing being endorsed "Ernest Shelton, Clerk." And the minutes of the court recite:

"This, the 1st day of August, 1950, came the State of Alabama, by its Solicitor, George C. Johnson, who prosecutes for the State. of Alabama, and came also the defendant in his own proper person, and by attorney, whereupon the defendant being in open Court and being duly arraigned in open Court upon an indictment charging him with the offense of murder, by having the indictment read over to him, for his plea thereto, says that he is not guilty, upon which plea the Solicitor joined issue.

"It is therefore considered, ordered and adjudged by the Court that this cause be, and the same is hereby set for trial on August 21, 1950.", followed by order of the court drawing a special venire for the defendant's trial in compliance with the statute.

▇ The defendant thereupon filed a motion to quash the indictment on the grounds that: "(1) Said indictment is grounded upon an order of the court for the organization of said grand jury, which order was without any warrant in the statutes or was contrary to its provisions. (2) Said indictment is grounded upon an order of the court for the organization of said grand jury, which order was without any warrant in the statutes or was contrary to its provisions, for that, a grand jury was drawn for the Circuit Court of Lawrence County, Alabama and impaneled on, to-wit: March 27, 1950, and said grand jury has not been dissolved or discharged by any recorded order of this court. (3) The indictment in this cause was found and returned into court by a grand jury that was

impaneled by this court on July 31, 1950 and was based upon an order of the court for the organization of the grand jury made and entered on a day subsequent to July 3, 1950, and which order was without any warrant, for that, a grand jury for this court was duly drawn, summoned and impaneled and entered upon its duties as such on, to-wit: March 27, 1950, and which said grand jury has not been dissolved or discharged by any recorded order of this court." This motion was made after the defendant was arraigned and pleaded not guilty and was overruled by the court without error. Code of 1940, Tit. 15, § 279; Hale v. State, 10 Ala.App. 22, 64 So. 530; Whitehead v. State, 206 Ala. 288, 90 So. 351.

Russell Coffey challenged for cause was a second cousin by affinity to the defendant and was, therefore, related to him within the fifth degree under the rules of the civil law applicable to this situation. Code of 1940, Tit. 30, § 55, subsec. 4; Danzey v. State, 126 Ala. 15, 28 So. 697. The action of the court in allowing said juror challenged for cause was free from error.

■ Defendant's refused written charge "A" pretermits gross negligence in handling the gun and is involved and argumentative and was properly refused. Austin v. State, 145 Ala. 37, 40 So. 989.

The foregoing covers the points argued. We have examined the record for reversible error and find nothing that calls for further treatment.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.

### On Rehearing

On more mature consideration we have reached the conclusion that the juror Russell Coffey, who was challenged for cause, was not subject to challenge, that he was not within the 5th degree of kinship according to the rules of the civil law, and the court erred in sustaining the challenge made by the solicitor. As stated in Danzey v. State, 126 Ala. 15, 28 So. 697, 698, cited in the foregoing opinion, "When existing only by affinity, the relationship does not disqualify, unless it be within the fifth degree as computed by the civil-law rule. By

that rule, as applied to collaterals, the count begins at one of the persons in question, and proceeds up to the common ancestor, and then down to the other person, calling it a degree for each person, both ascending and descending; and the number thus counted expresses the degree of kinship." As stated in the original opinion, the juror "was a second cousin by affinity to the defendant", and, therefore, was within the 6th degree, not the 5th.

In O'Rear's case, reported as O'Rear v. State, 188 Ala. 71, 66 So. 81, 82, the court stated: "It is equally clear, however, that the trial judge must determine, not only whether the veniremen possess the general qualifications prescribed by the jury law for jury service *in general,* but also whether they are competent jurors for the trial of *the case in hand.* This being the judge's duty, it is of no consequence whether he rejects an unfit venireman ex mero motu, or upon the suggestion of another. Justice is not concerned with the source of (or) form of the information which reveals incompetence, but only with its resulting elimination from the jury box. Nor is it material that incompetents are not discovered by the preliminary inquiry before the lists are made up. If they be discovered at any time, at least before striking is begun, they should be striken by the court. * * *"

■ In the instant case the juror was not incompetent nor subject to challenge and it was reversible error to allow the challenge for cause. Danzey v. State, 126 Ala. 15, 28 So. 697; Phillips v. State, 68 Ala. 469.

The reporter will set out in his report of the case "The Nolan Chart of Relationships and Degrees of Kindred According to the Civil Law", which is appended to this opinion.

The application for rehearing is therefore granted and the judgment of the circuit court is reversed and the cause is remanded for another trial. Let the defendant remain in custody until discharged by due course of law.

Application for rehearing granted. Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.