179 So.2d 167

Wilson LANIER

v.

STATE.

5 Div. 640.

Court of Appeals of Alabama.

Oct. 13, 1965.

Walker & Hill, Opelika, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

**40**

PRICE, Presiding Judge.

The indictment charged murder in the first degree. Conviction was for murder in the second degree with a sentence of twelve years in the penitentiary.

The evidence is undisputed that Wilson Lanier killed one Arthur Thomas by shooting him with a pistol. Lanier claimed self defense.

Willie James Jones, a witness for the state, testified he heard a part of the conversation between the deceased and defendant and that as he started into the house he heard three shots fired. Thereupon he stepped back on the porch and saw defendant shoot deceased four times while deceased was walking away from him. Defendant was shooting across the hood of his car. This was the only witness who testified to seeing any part of the difficulty.

■ On cross-examination the witness stated he testified before the grand jury. The trial court sustained the state's objection to this question:

"Q. Didn't you testify before the grand jury that you did not see the shooting?"

A witness may be cross examined as to whether he made certain statements before the grand jury which are contradictory to those made on the trial. An affirmative answer tends to impeach him. If he denies making the prior statement members of the grand jury may be called as impeaching witnesses. Bryson v. State, 38 Ala.App. 517, 84 So.2d 782. The sustaining of the state's objection to the above question was reversible error. Davis v. State, 30 Ala. App. 562, 10 So.2d 35; Williams v. State, 32 Ala.App. 597, 28 So.2d 731.

The defendant testified as a witness. On cross examination he was asked if he had ever been convicted of murder and sentenced to the penitentiary. An objection was interposed on the ground that the question was not limited to a reasonable length of time before the trial, and that the matter inquired about may well have occurred thirty years before. The objection was overruled and defendant answered that he had been so convicted. On direct examination defendant stated he did not serve time in the penitentiary and that the trouble for which he was convicted occurred in 1934, or thirty years before the present trial. Thereupon defense counsel moved to exclude all of the testimony relating to a conviction thirty years ago. The motion was overruled.

■ It is well settled that a defendant, when testifying as a witness, may be cross-examined with reference to a former conviction for a crime involving moral turpitude. White v. State, 40 Ala.App. 613, 119 So.2d 344; Title 7, Sec. 434, Code of Alabama 1940.

Appellant's counsel relies largely on the case of Flournoy v. State, 34 Ala.App. 23, 37 So.2d 218, cert. den. 251 Ala. 285, 37 So.2d 223, as authority for his contention that a conviction occurring more than ten years prior to the commission of the offense for which the defendant was on trial was too remote in point of time to be admissible in evidence.

We cannot agree with this insistence. In the Flournoy case the defendant was convicted of incest. He attempted to show by one of his character witnesses the general reputation of a state's witness in the community where she lived ten years

previously. The trial court sustained the state's objection to these questions. On appeal this court stated:

"Where the probative value of character testimony is rendered questionable because of remoteness in time, great weight should be accorded the trial judge's determination as to the admissibility of such evidence."

In Hale v. State, 10 Ala.App. 22, 64 So. 530, a state's witness testified on cross-examination that he had once been convicted of buying stolen property. Objection was made to the fact that on re-direct examination he was permitted to state that this conviction was more than 20 years before, and that at that time he was only 20 years old.

The court said:

"Such evidence we think admissible to go to the jury as a circumstance to aid them in determining how much the witness' testimony on the present trial should be discredited, if at all, by reason of such prior conviction for a crime involving moral turpitude. It certainly showed that he had had time to reform, whether he did or not, and that the crime had been committed when he was at such an age that it was more likely he could and would subsequently reform than if committed in more mature years after habits and character, whether good or bad, became more permanently fixed."

■■ There is no fixed time at which a previous conviction is too remote to be admissible. We think under the Flournoy and Hale cases, supra, it is a matter within the sound discretion of the trial court under the facts of each particular case. If it is admitted in evidence the remoteness in time may be considered by the jury in determining the weight to be given the defendant's testimony.

■ We find no error in the court's ruling on the motion to exclude the testimony relating to the former conviction.

After the evidence of defendant's prior conviction was admitted the trial court stated to the jury:

"Gentlemen of the Jury, he is not being tried for something that happened thirty years ago. The only purpose of any testimony along that line is to what credibility and what probative force you will give to his testimony in this trial."

■ Exception was reserved to this instruction and counsel argues that the court's statement was prejudicial to defendant. There was no error in this explanation of the court's ruling. Ellis v. State, 244 Ala. 79, 11 So.2d 861.

Defendant contends that the trial court erred in refusing to give to the jury requested written charges as to manslaughter in the first and second degrees.

■ In its oral charge the court instructed the jury on manslaughter in the first degree.

■ Where the evidence shows that death was caused by a pistol intentionally aimed at the person slain, unless done in self defense, the homicide is either murder or manslaughter in the first degree. Williams v. State, 251 Ala. 397, 39 So.2d 37. There was no error in the court's refusal to give the requested charge as to manslaughter in the second degree.

For the error noted hereinabove the judgment is reversed and the cause remanded.

Reversed and remanded.