The appellant was indicted and convicted for rape. Since the offense was committed before the effective date of Section 13-1-130, Code of Alabama 1975, the jury fixed punishment at ten years' imprisonment.
The only allegation of error concerns the State's use of a 1961 conviction for grand larceny to impeach the appellant. The appellant contends that the seventeen year old conviction for a crime committed when he was seventeen years old is too remote in time to have any value in determining the credibility of a witness.
The rule in Alabama is settled and clear.
 "It is within the sound discretion of the trial judge to decide whether a prior conviction is too remote in time to have any present probative value toward showing the lack of credibility of the witness." C. Gamble, McElroy's Alabama Evidence § 149.01 (19) (3rd ed. 1977).
Section 12-21-162, Code of Alabama 1975, authorizes examination of a witness as to his conviction of a crime involving moral turpitude. Rush v. State, 253 Ala. 537,45 So.2d 761 (1950). "(T)he lapse of time from the date of the conviction does not toll nor affect the application of the statute in any respect." Davenport v. State, 50 Ala. App. 321,323, 278 So.2d 769, 771 (1973). "There is no fixed time at which a previous conviction is too remote to be admissible."Lanier v. State, 43 Ala. App. 38, 41, 179 So.2d 167, 170
(1965). It is a matter within the sound discretion of the trial court under the facts of each particular case. Dickerson v.State, 46 Ala. App. 183, 239 So.2d 325 (1970); Lanier,43 Ala. App. at 41, 179 So.2d 167; Flournoy v. State, 34 Ala. App. 23,37 So.2d 218, cert. denied, 251 Ala. 285, 37 So.2d 223 (1948);Hale v. State, 10 Ala. App. 22, 64 So. 530 (1913).
 "Where the probative value of character testimony is rendered questionable because of remoteness in time, great weight should be accorded the trial judge's determination as to the admissibility of such evidence." Flournoy, 34 Ala. App. at 27, 37 So.2d at 222.
Convictions occurring twenty, Davenport, supra, and even thirty years ago, Lanier, supra, have been held admissible for purposes of impeachment and not an abuse of the discretion of the trial judge.
Remoteness in time may affect the weight of the testimony and is admissible as "a circumstance to aid [the jury] in determining how much the witness's testimony on the present trial should be discredited, if at all, by reason of such prior conviction". Lanier, supra; Hale v. State, 10 Ala. App. at 29,64 So. at 533. *Page 352 
The State's evidence was sufficient, if believed by the jury, to support the conviction. We have searched the record and found no error prejudicial to the appellant. Therefore the judgment of conviction is due to be and is hereby affirmed.
AFFIRMED.
All Judges concur.