HOLMES, Judge.
This is a paternity suit. A jury found Grover M. Harbin to be the father of Ted R. Walker.
Harbin appeals and we affirm.
The dispositive issue is whether the trial judge erred in overruling an objection to a *144 question regarding a conviction for second degree murder. Harbin in brief contends that the conviction was so remote that it was prejudicial. As a consequence, Harbin asserts that the trial, judge abused his discretion in overruling the objection.
Specifically, during cross-examination of Harbin, after Harbin had testified in chief, the district attorney asked Harbin if he had been convicted of second degree murder in 1949. Harbin’s counsel requested that the jury be sent out, which was done. Motion for a mistrial was made on grounds that the question was unduly prejudicial. That motion was denied. When the jury was brought back in, the district attorney asked the question again and objection was made. The trial judge overruled the objection and Harbin answered that he was not convicted of second degree murder in 1949.
Section 12-21-162(b) of the Code of Alabama 1975 provides that a witness may be impeached by questioning him regarding a conviction for a crime involving moral turpitude. Murder is a crime involving moral turpitude. Johnson v. State, 265 Ala. 360, 91 So.2d 476 (1956).
Whether a prior conviction is too remote in time is within the sound discretion of the trial judge. McDaniel v. State, Ala.Cr.App., 365 So.2d 350 (1978). C. Gamble, McElroy’s Alabama Evidence § 145.-01(19) (3d ed. 1977). It has been held that it is not an abuse of discretion to admit a thirty year old conviction for impeachment purposes. Lanier v. State, 43 Ala.App. 38, 179 So.2d 167 (1965).
Furthermore, we note that when Harbin was asked whether he had been convicted of second degree murder in 1949, he answered in the negative. It is well settled in Alabama that overruling an objection to a question which is not answered or is answered in a manner favorable to the witness, is not prejudicial error. Stephens v. State, 250 Ala. 123, 33 So.2d 245 (1948); Cooper v. Slaughter, 175 Ala. 211, 57 So. 477 (1912). Hence no error in overruling Harbin’s objection.
In this instance, particularly in view of the above, the simple fact that the question was asked clearly did not create an atmosphere where a mistrial is indicated. See, Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797 (1972). Hence no error in the trial court’s action in refusing to grant Harbin’s motion for mistrial.
We note at this juncture there is ample evidence to support the verdict that Harbin is the father of Ted R. Walker.
Finally, the State contends that this appeal should be dismissed on grounds that Harbin failed to file a proper notice of appeal. Specifically, the State contends that Harbin’s notice of appeal does not specify that he is appealing from the judgment of paternity rendered on May 13, 1980. The May judgment also assessed costs to Harbin and ordered that a hearing be had regarding child support. A hearing was had on June 12, 1980, and a judgment of child support was rendered on that day.
The State argues that the notice of appeal only specifies an appeal from “the final judgment ordering support and attorney’s fees.” However, the notice, when read in its entirety, clearly states that it is an appeal from Paternity Case No. JU77-605, and that the date of judgment was May 13, 1980.
As the Alabama Supreme Court stated in Edmondson v. Blakey, Ala., 341 So.2d 481 (1976), a simple statement indicating what judgments the appellant appeals from is all that is necessary. Furthermore, it is the policy of this court to decide cases on their merits. Based on the foregoing, we are not constrained to dismiss this appeal.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.