75  159
78   16

## CHASE v. WESTON.

1. **Judge : UNCLE OF PLAINTIFF : DISQUALIFICATION : WAIVER.** Plaintiff brought his action for an injunction in the district court, one of the judges of which was his uncle, but he procured his temporary injunction from one of the other judges of the district. He then let his case lie for nearly two years, when the defendant brought it on for trial at a term when plaintiff's uncle was presiding over the court in that county. The plaintiff then moved to have the cause set down for trial on depositions and documentary evidence, which motion was overruled. He then moved for a continuance till the next term, and in his affidavit in support of his motion stated that the presiding judge was his uncle, and therefore prohibited from trying the case. This motion was also overruled. Plaintiff then moved for a change of forum, on the ground that the presiding judge was prejudiced against him, but he did not present the relationship of the judge as a reason for such change, nor did he at any time specifically call the court's attention to section 190 of the Code, under which he now insists that the judge was disqualified ; the only reference to that matter being in his affidavit for a continuance. The motion for a change of forum was also overruled, and upon a trial before the court judgment was rendered for the defendant, from which plaintiff appeals. *Held* that the judge, being related to the plaintiff in the third degree according to the civil law (2 Bl. Comm. 207 ; 2 Kent, Comm. 412), was, under section 190 of the Code, disqualified from the first to try the cause without the mutual consent of the parties, and that nothing done or omitted by plaintiff amounted to such consent on his part.

2. ——— : ——— : ——— : **TRIAL DE NOVO ON APPEAL.** As plaintiff in such case was entitled to a trial before a court of original jurisdiction, and as the trial below· was *coram non judice*, and as this court has only appellate jurisdiction, *held* that a trial *de novo* could not be had in this court, but that the cause must be remanded for trial before a competent judge. (*County of Floyd v. Cheney*, 57 Iowa, 162, *distinguished* ).

*Appeal from Hamilton District Court.*—HON. D. D. MIRACLE, Judge.

FILED, SEPTEMBER 8, 1888.

ACTION in equity to restrain the sale of real estate in satisfaction of a judgment alleged to be void. The petition was filed December 22, 1885, and a temporary writ of injunction was issued to restrain the sale. On the eighteenth day of February, 1886, an answer was filed, which denied the alleged invalidity of the judgment in question. On the eighth day of September, 1887, the defendant filed a notice to the effect that the cause would be brought on for trial at the term of court which commenced on the nineteenth day of that month. On the seventh day of October, 1887, when the case was reached for trial in its order, the plaintiff moved that it be set down for trial on depositions and documentary evidence, but the motion was overruled. On the same day plaintiff filed a motion for a continuance to the next term of court, which commenced on the twenty-first day of November, 1887, supported by his own affidavit. This was overruled. Plaintiff then filed a motion for a change of place of trial, on the ground that the judge of the court was prejudiced against him, supported by the affidavits of three disinterested persons. Counter-affidavits were filed, and the motion was overruled. Plaintiff was then ordered to proceed to trial at once. The case was tried to the court, and judgment rendered in favor of defendant. The plaintiff appeals.

*Chase & Chase*, for appellant.

*Kamrar & Boeye*, for appellee.

ROBINSON, J.—I. Appellant insists that the district court did not have jurisdiction to try this cause, against his objection, on account of the relationship of the judge of the court to plaintiff. He assigns errors, and does not ask a trial here *de novo*. It is shown by the affidavit in support of the application for a continuance, and is admitted by appellee, that the judge was the uncle of plaintiff. Section 190 of the Code is as follows : "A judge or justice is disqualified from acting as such,

1. JUDGE: uncle of plaintiff: disqualification : waiver.

except by mutual consent of parties, in any case wherein he is a party, or interested, or where he is related to either party by consanguinity or affinity, within the fourth degree, or where he has been attorney for either party in the action or proceeding. But this section does not prevent them from disposing of any preliminary matter not affecting the merits of the case." Degrees of consanguinity and affinity are to be computed according to the rule of the civil law. Code, sec. 45 (24). By that rule the judge was related to the plaintiff in the third degree. 2 Bl. Comm. 207; 2 Kent, Comm. 412. He was therefore within the prohibition of the statute. It is claimed by appellee that section 190 of the Code was not called to the attention of the district court, and it seems to be his thought that if the application for a continuance and for a change of forum were insufficient under the statutes relating to such applications, plaintiff waived the question of jurisdiction by failing to base his objections explicitly upon section 190. It may be conceded that the applications of plaintiff were not sufficient, under the statutes relating to continuances and changes of forum, and we are inclined to the opinion that section 190 escaped the attention of the trial judge. But we do not think that fact affects in any manner the rights of appellant. The district judge was disqualified from sitting on the trial of the case in the first instance, and the disqualification could be removed only by the mutual consent of parties. Stress is laid upon the conduct of plaintiff in regard to the trial. It is said that he permitted a large number of terms of court to pass without bringing the case on for a hearing; that he had due notice that the defendant would insist on a trial at that term of court; and that, notwithstanding these facts, he failed to take any steps for a continuance or change of forum until the sixteenth day of the term, when the case was reached for trial in its order. Whether the delay in bringing the case on for trial was the fault of plaintiff, we are not advised; but if we concede that it was, and that he was guilty of

gross negligence at the term at which it was tried, these facts would not amount to a waiver of his rights. Nothing but the mutual consent of both parties, or that which would in law amount to such consent, would remove the disability imposed by statute, nor do we think it was necessary for plaintiff to do more than to make the fact of the relationship a matter of record to preserve his rights, if the consent required by statute is not given. He made that fact known, and protested against and excepted to the ruling of the court directing him to proceed at once to trial. In our opinion it was the duty of the judge, having knowledge of the prohibited relationship, to refuse to act as judge on the trial of the cause until the required consent was given. It is the policy of the law to give to each suitor a fair hearing before an impartial and disinterested tribunal. Under a statute similar to that of Iowa, but which did not contain the consent clause, it was held that, jurisdiction having been prohibited by statute, it was not competent to confer it by consent of parties; and it was further said that the judge ought not to wait to be put in mind of his disability, but should himself suggest it, and withdraw. *Oakley v. Aspinwall*, 3 N. Y. 547; *Hibbard v. Odell*, 16 Wis. 635; *Hall v. Thayer*, 105 Mass. 224.

II. It is insisted by appellee that there is not such a failure of jurisdiction as to prevent a trial *de novo* by this court. But the case of *County of Floyd v. Cheney*, 57 Iowa, 162, cited by him, does not support his claim. In that case it was held that a judge, who had been an attorney in the cause, could render judgment where the consent of the judgment debtor might be presumed. The statute confers upon the judge jurisdiction to a limited extent in cases like this. He may dispose of preliminary matters not involving the merits; but if he attempts to do more than that without consent, he exceeds his jurisdiction, and his acts are illegal. This court has only appellate jurisdiction of the case at bar. It is the right of appellant to have it tried by a court of

2. ──:───: trial
de novo on
appeal.

original jurisdiction, in the manner provided by law, and this right has been denied him. The judgment of the district court will therefore be reversed, and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.