STATE OF IOWA, Appellant, v. CHARLES DILLARD, Appellee.

No. 44491.

OCTOBER 25, 1938.

916

John H. Mitchell, Attorney General, Buell McCash, Spec. Asst. Attorney General, and Harold J. Fleck, County Attorney, for appellant.

David, Jones & David, for appellee.

STIGER, J.—On April 4, 1938, the grand jury in the district court of Iowa in and for Mahaska county returned an indictment against the defendant charging him with the crime of false uttering of a bank check contrary to the provisions of section 13047, 1935 Code.

Section 13047 reads: "Any person who with fraudulent intent shall make, utter, draw, deliver, or give any check, draft, or written order upon any bank, person, or corporation and who secures money, credit, or thing of value therefor, and who knowingly shall not have an arrangement, understanding, or funds with such bank, person or corporation, sufficient to meet or pay the same, shall be guilty of a felony, *if such check, draft or written order shall be for the sum of twenty dollars or more,* and shall on conviction thereof be punished as in section 13045, *and if such check, draft or written order be for less than twenty dollars,* shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by fine not to exceed one hundred dollars, or by imprisonment in the county jail not to exceed thirty days." (Italics supplied.)

The defendant entered a plea of not guilty. At the close of the State's case the defendant filed the following motion for a directed verdict:

"1.   That the evidence in this case shows that on the 27th day of December, 1937, the defendant, Charles Dillard, executed and delivered the check which is known as Exhibit 'A', in the sum of $30.00, payable to Richmond Taxi Co., and that at the same time he owed an account to the Richmond Taxi Co., in the sum of $28.00, and that he received $2.00 in cash for said check, and that the account against the said Charles Dillard in the sum of $28.00 was to be paid.

"2.   That the only thing of value which the said Charles Dillard received from the Richmond Taxi Co., or William Richmond was the sum of $2.00 in cash.

"3.   That the gist of the offense of obtaining money by false pretenses, or by giving a bad check, is the amount of prop-

erty or money which the defendant received from the prosecuting witness, or the party to whom the check was made payable, and the undisputed evidence in this case shows that the only amount which the defendant received was the sum of $2.00, and that the obtaining of said money would constitute a misdemeanor, and that the same is not an indictable offense, under the statute, and that the defendant could be guilty of no greater crime than a misdemeanor, and that this court has no jurisdiction to try the same, but that same should be prosecuted in a Justice of the Peace Court.

"4. That there is no showing that the defendant herein obtained anything except $2.00 of value for the reason he could not be prosecuted for the payment of the account, and that the only property or money of value that the defendant obtained, was the sum of $2.00.

"5. That upon the entire record in this case, if the case is submitted to the jury, and the jury should return a verdict of guilty, as charged in the indictment, that the defendant would have to be punished for the commission of a misdemeanor, and not of a felony.

"6. That if this case was submitted to the jury, and the jury should return a verdict of guilty, it would be the duty of the Court to set the same aside on motion, for the reason that the evidence shows that only a misdemeanor has been committed, and upon the entire record in this case, no judgment of guilty should be permitted to stand."

The trial court sustained the motion for a directed verdict and the jury returned a directed verdict for the defendant. Judgment was entered on the verdict and defendant discharged. The State appealed.

On December 27, 1937, on which date the defendant was indebted to the Richmond Taxi Company in the sum of $28 the defendant drew a check on the Iowa Trust and Savings Bank payable to the order of Richmond Taxi Company in the sum of $30 which he delivered to the company for which check the defendant received the sum of $2 in cash and the balance of the amount of the check in the sum of $28 was to pay the amount owed the payee. The defendant did not have an account with the drawee bank nor an arrangement or understanding with the

bank for payment of the check. The payee presented the check to the bank for payment and payment was refused.

It thus appears that the thing of value the defendant received for the $30 check was the sum of $2.

Article one, section eleven of the Constitution of the State of Iowa provides that all offenses less than felony and in which the punishment does not exceed a fine of $100, or imprisonment for 30 days, shall be tried summarily before a Justice of the Peace, or other officer authorized by law, on information under oath, without indictment or the intervention of a grand jury, saving the defendant the right of appeal. Code section 13557 is declaratory of the jurisdiction of justices of the peace created by the constitution.

The construction placed on section 13047 by the defendant is, as disclosed by his motion for a directed verdict, if the money or thing of value secured by uttering the check is the sum of $20 or more, the crime is a felony and the district court would have jurisdiction of the offense, but, if the value of the thing received by the person who uttered the check is less than $20 the crime is a misdemeanor, not indictable, and triable only to a justice of the peace; that because the defendant obtained less than $20 for the $30 check the offense was a misdemeanor only and hence the district court was without jurisdiction, that is, the defendant contends that it is the amount of money or worth of the thing of value received for the check and not the amount of the check that determines the grade of the offense.

We do not agree with the construction placed on Section 13047 by the defendant. The section states that any person who falsely utters a check shall be guilty of a felony, if such check is for the sum of $20 or more and shall on conviction be punished as under section 13045. In clear, unequivocal language the statute makes the offense a felony if the check is for the sum of $20 or more and plainly reveals the intention of the Legislature to make the amount of the check and not the value of the thing received in exchange therefor determine whether the offender is guilty of a felony or misdemeanor. While it is necessary that he who utters a check must receive something of value in exchange for it, the fact that the thing received is disproportionate in value to the amount of the face of the check, and worth less than $20, does not make the offense a misdemeanor.

The check being in the sum of $30, the defendant was guilty of a felony and the trial court erred in holding that the district court was without jurisdiction and in directing a verdict for the defendant.

The defendant relies on State v. Marshall, 202 Iowa 954, 211 N. W. 252, and Conklin v. Hollowell, 203 Iowa 1374, 214 N. W. 717. Each of these cases involved a consideration ,of section 13047, 1924 Code, enacted by the 37th General Assembly, chapter 268, which section was substantially different from section 13047 as found in the subsequent codes. Section 13047, 1924 Code, provided that any person who uttered any check and who secured a thing of value therefor without an arrangement or funds with the bank shall be guilty of a *misdemeanor,* and the court correctly held that as the Legislature had declared an offense under said section a misdemeanor the district court had no jurisdiction of the offense.

The case of State v. Marshall, supra, also held that the Legislature by enacting section 13047, 1924 Cole, carved out of section 13045 a lesser offense and a prosecution for false uttering of a check must be brought under section 13047 and not under section 13045 which makes the obtaining of property by false pretenses a felony. After this decision, the offender, regardless of the amount of the falsely uttered check, would only be guilty of a misdemeanor under section 13047. The Marshall case was decided in December, 1926. The Forty-second General Assembly which convened in January, 1927, remedied the situation by repealing section 13047, 1924 Code, and enacting as a substitute therefor the present Code section 13047 which makes the grade of the crime depend on the size of the check, which, if for the sum of $20 or over, is a false pretense constituting a felony, as is a false pretense made within the purview of section 13045.

The case must be reversed because of the erroneous ruling of the trial court on the motion for a directed verdict. This being a criminal case, the defendant is not affected by this reversal.—Reversed.

SAGER, C. J., and ANDERSON, DONEGAN, HAMILTON, KINTZINGER, and MILLER, JJ., concur.