STATE of Iowa, Appellee,

v.

Robert Lawrence DURGIN,
Jr., Appellant.

No. 67475.

Supreme Court of Iowa.

Jan. 19, 1983.

Charles L. Harrington, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., John Messina, Asst. Atty. Gen., and Lew Eells, Asst. County Atty., for appellant.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ and CARTER, JJ.

McGIVERIN, Justice.

Defendant Robert Lawrence Durgin, Jr., appeals his conviction of possession of an explosive device under Iowa Code section 712.6 (1981). That statute provides:

> Any person who shall possess any incendiary or explosive device or material with the intent to use such device or material to commit any public offense shall be guilty of a class "C" felony.

Defendant contends there was insufficient evidence to establish, as an essential element of the charge, his intent to use such device to commit a public offense. At trial the State claimed he intended to use the device to violate the fireworks statute. Iowa Code § 727.2 (1981) (exploding fire-

works—a serious misdemeanor). Defendant points out the punishment for possessing an explosive device (class "C" felony) would be more severe than using or exploding the device under the fireworks statute. The State now concedes it was error to prosecute defendant under section 712.6 by so utilizing the fireworks statute but questions whether error in that regard was preserved by defendant. We believe it was preserved, and, accordingly, we reverse the conviction. Reversal of defendant's conviction precludes the need of addressing a second issue raised by defendant: whether the court erred in overruling his motion to suppress.

A plain clothes police officer observed defendant and a juvenile companion leave a Cedar Rapids bar and remove several items, including a Tupperware container, from the trunk of defendant's car, which was in a parking lot. The officer's suspicions were aroused; he parked his unmarked car and walked over to the defendant and his companion who were then seated in defendant's car. The officer required them to place their hands on the dashboard. With the aid of the illumination of a flashlight, the officer observed a box of .22 caliber cartridges, a red box, blasting fuses, a Tupperware container, some roles of black tape and wirecutters inside the car. Defendant and his friend were ordered out of the car, and the officer removed the items he had seen. Inside the Tupperware container the officer found blasting caps wired together with a fuse attached.

Defendant was arrested and taken to the police station where he allegedly admitted that he and his companion had detonated some blasting caps on Mount Vernon Road in Linn County. Defendant was charged under section 712.6 with possession of an explosive device with intent to commit a public offense.

At trial defendant made a timely motion for a judgment of acquittal, contending that there was "no evidence to indicate any public offense which was committed . . . or intended to be committed by the defendant." We hold he preserved for review the question of whether it was error to prosecute and convict defendant by using the fireworks statute, section 727.2, to satisfy the intent element of section 712.6.

I. We agree with the State that the issue before us involves the harmonization of Iowa Code sections 727.2 and 101A.1(1). Both sections were part of the revision of the Iowa Criminal Code, effective January 1, 1978. We also consider these sections in relation to section 712.6, "possession of explosive or incendiary devices or materials."

Section 101A.1(1) provides:

"Explosive" or "explosives" means any chemical compound, mixture or device, the primary or common purpose of which is to function by explosion, i.e., with substantially instantaneous release of gas and heat, unless such compound, mixture, or device is otherwise specifically classified by the United States department of transportation. The term "explosives" includes all material which is classified as class A, class B, and class C explosives by the United States department of transportation, and includes, but is not limited to, dynamite, black powder, pellet powders, initiating explosives, blasting caps, electric blasting caps, safety fuse, fuse lighters, fuse igniters, squibs, cordeau detonative fuse, instantaneous fuse, igniter cord, igniters, smokeless propellant, cartridges for propellant-actuated power devices and cartridges for industrial guns, *but shall not include "fireworks" as defined in section 727.2* nor ammunition or small arms primers manufactured for use in shotguns, rifles, and pistols. Commercial explosives are those explosives which are intended to be used in commercial or industrial operations.

(Emphasis added.)

Section 727.2 provides in part:

The term "fireworks" shall mean and include any explosive composition, or combination of explosive substances, or article prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation, and shall include blank cartridges, firecrackers, torpedoes, skyrockets, roman

candles, or other fireworks of like construction and any fireworks containing any ·explosive or inflammable compound, or other device containing any explosive substance....

■ The revision of the Iowa Criminal Code consisted of the enactment of a myriad of corrective and substantive amendments. Due to the extensive scope of this revision, it occasionally is necessary for us to harmonize apparently conflicting sections. See Iowa Code § 4.11; State v. Peterson, 327 N.W.2d 735 (Iowa 1982). In so doing, our ultimate goal is to ascertain, and, if possible, give effect to legislative intent. Iowa Beef Processors, Inc. v. Miller, 312 N.W.2d 530, 532· (Iowa 1981); State v. Harrison, 325 N.W.2d 770, 772 (Iowa App. 1982).

■ The statutes before us concern the definition of explosive materials and substances. These statutes also illustrate the legislature's power to define crime. See State v. Welton, 300 N.W.2d 157, 160 (Iowa 1981). In exercising this power the legislature may be its own lexicographer and write its own definitions of words and terms. State v. DiPaglia, 247 Iowa 79, 84, 71 N.W.2d 601, 604 (1955).

II. The definitions in sections 101A.1(1) and 727.2 create two mutually exclusive classes out of that generic group of devices which are designed to "explode" for various purposes. To a large extent, the distinction depends on the primary purpose of the device.

■ A. Section 727.2, the fireworks statute, deals with devices primarily designed and intended for producing a "visible or audible effect"—a pyrotechnic device. The definition in this section is substantially the same as the prerevision statute, Iowa Code §§ 732.17–.18 (1977); a major consideration in enacting that provision was to protect minors from fireworks injuries. Rosenau v. City of Estherville, 199 N.W.2d 125, 128 (Iowa 1972). We conclude, there-

fore, that only pyrotechnic devices manufactured for the purpose of producing a visible or audible effect were intended to be included within the fireworks statute.

The blasting caps possessed by defendant, although capable of producing a considerable audible effect, were not intended as pyrotechnic devices.

■ B. Defendant's blasting caps, however, are specifically defined as explosive devices in section 101A.1(1). This section, which specifically excludes section 727.2 fireworks, includes within its definition all other explosive devices primarily designed and intended to damage or destroy property by explosion. Thus if one possesses devices classified as an explosive under the legislative scheme of section 101A.1(1), as a matter of law such devices are outside the legislative definition of fireworks in section 727.2.

■ C. By definition, the blasting caps possessed by defendant were explosive devices under section 101A.1(1). Consequently, the State, as it now concedes, did not, and could not prove that defendant's possession of "explosive devices" was with the intent to commit the public offense of using fireworks in violation of section 727.2. Explosive devices, the possession of which is prohibited by section 712.6, are those devices defined in section 101A.1(1).[1] 4 J. Yeager and R. Carlson, Iowa Practice: Criminal Law and Procedure § 278 (1979). Therefore, defendant's motion for judgment of acquittal should have been sustained. His conviction cannot stand.

III. Under our disposition of this case, it is unnecessary to consider other contentions made by the parties, including the effect this result may have on other charges the State might later file against defendant. Defendant's conviction is reversed but the case is not remanded.

REVERSED BUT NOT REMANDED.

---

1. We note also that "incendiary devices" as used in section 712.6 are defined in Iowa Code section 702.21.