STATE of Iowa, Plaintiff-Appellant,

v.

Kenneth Lavern LUPPES, Jr., Defendant-Appellee.

No. 83–1168.

Court of Appeals of Iowa.

Sept. 25, 1984.

Gary J. Groves, Webster City, for plaintiff-appellant.

Thomas J. Miller, Atty. Gen., and Sherie Barnett, Asst. Atty. Gen., for plaintiff-appellant.

Considered by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

OXBERGER, Chief Judge.

This appeal requires us to interpret for the first time the statute regarding punishment for assault. Our code provides for three ways in which an assault may occur. The first two involve an act on the part of the defendant, coupled with the apparent ability to carry out that act. Iowa Code § 708.1(1)–(2) (1983). Under one version, the defendant shows the intent to cause pain, injury, or physical contact which will be insulting or offensive to another. *Id.* § 708.1(1). The second version requires an intent to place the victim in fear of the above results. The third method of assault involves the pointing of a firearm at another, or displaying a dangerous weapon in a threatening manner towards another. *Id.* § 708.1(3).

Once an assault occurs, punishment falls into one of three categories. An aggravated misdemeanor occurs when the defendant has the intent to cause serious injury to the victim. *Id.* § 708.2(1). An assault is punished as a serious misdemeanor when the defendant does not have the intent to cause serious injury but causes bodily injury or disabling mental illness. *Id.* § 708.-2(2). Any other assault falls within the category of simple misdemeanor. *Id.* § 708.2(3).

In the facts of this case, the defendant, Kenneth Lavern Luppes, Jr., was charged with assault with intent to inflict serious injury arising out of the beating of a 21-month-old child whom defendant was babysitting. He was convicted in a jury trial of the lesser included offense of simple assault and sentenced to thirty days in jail. The State objected to an instruction given at the end of the trial regarding the lesser offense of assault without intent to inflict serious injury. The court told the jury the defendant was guilty of the lesser included offense if his assault on the child resulted in bodily injury or disabling mental illness. The court then defined bodily injury by referring to its earlier definition of serious injury. Serious injury is defined in the code at section 702.18 as occurring when the assault causes: (1) disabling mental illness, (2) bodily injury which creates a substantial risk of death, (3) bodily injury which causes serious permanent disfigurement, and (4) bodily injury which causes protracted loss or impairment of the function of any bodily member or organ. The State says the court erred, and that bodily injury referred to in a serious misdemeanor is not the same as serious injury referred to in an aggravated misdemeanor. The State claims bodily injury should meet the less stringent definition given to it by the court in *State v. McKee*, 312 N.W.2d 907, 913 (Iowa 1981). There the court defined bodily injury referred to in punishing sexual abuse as "physical pain, illness or any impairment of physical condition." *Id.*

The trial court disagreed with the State, and said that if bodily injury means any bodily injury, there is no difference between a serious and simple misdemeanor. The court stated that to give effect to both sections of the code, bodily injury must be the same as serious injury, and the distinction between a serious misdemeanor and an aggravated misdemeanor is the absence or presence of intent.

The State counters that the legislature would have referred to "serious" injury if that's what it intended, instead of "bodily" injury. A comparison is made by the State of this section with the sexual abuse provisions of the code which distinguish between a class C and a class D felony on the basis

of whether serious injury is involved, or bodily injury "other than a serious injury." Iowa Code § 709.11 (1983). Further, the State claims, construing bodily injury to mean "any" bodily injury does not reduce assault without intent to inflict serious injury to the crime of simple assault, since simple assault does not require any injury or physical contact to occur. Iowa Code § 708.1 (1983).

The supreme court granted discretionary review of the question pursuant to Iowa Code § 814.5(2)(d) (1983), finding it to be a question of law important to the legal profession. The impact of such a decision would be felt by any defendant so accused, since a maximum penalty of 30 days in jail, a $100 fine, or both accompanies a simple misdemeanor, while a penalty of one year in jail, a $1000 fine, or both may be imposed with a serious misdemeanor. Iowa Code § 903.1 (1983).

■ Our courts have long held the intent of the legislature is the polestar in construing a statute. *Kohrt v. Yetter*, 344 N.W.2d 245, 246 (1984). A statute will not be construed if its meaning is clear from the statute itself. *Welp v. Iowa Dep't of Revenue*, 333 N.W.2d 481, 483 (Iowa 1983). When the language is ambiguous, the court may construe a statute, and the intent of the legislature prevails over the literal import of the words used. *Id.* The legislature is allowed to write its own definition of words while exercising its power to define crime. *State v. Durgin*, 328 N.W.2d 507, 509 (Iowa 1983).

■ The two different interpretations reached regarding the definition of section 708.2(2) drawn by the court and the State illustrates the ambiguity of the statute. When trying to determine the intent of the legislature we are to look at the language and purpose of the statute. *Wilson v. Iowa City*, 165 N.W.2d 813, 822 (Iowa 1969). The courts will consider the legislative history of the statute, applicable preamble or statement of policy accompanying the statute, along with the consequences of a particular construction. *De*

*More by De More v. Dieters*, 334 N.W.2d 734, 737 (Iowa 1983).

The particular provision involved here was revised in a 1981 amendment. In the first version of the change, the following explanation was attached to Senate Bill 517:

Section 1 and 4 of the bill provide that a criminal assault which results in bodily injury *which is not serious injury to another* is a serious misdemeanor. Presently such an assault would be a simple misdemeanor.

(emphasis added). S.F. 517, 69th G.A., (Iowa 1983).

This statement from the legislature clearly states its intent that bodily injury is not the same as serious injury in determining the penalty for assault. However, the version the senate refers to here is not the same as the final version. Senate file 517 originally indicated that a person "causing physical injury to another" is guilty of a serious misdemeanor. *Id.* A later version transformed "physical injury" into "bodily injury or disabling mental illness," the language now found in the statute. However, we do not believe the change constitutes a change in the intent of the legislature. It was undoubtedly aware of the different result in using the word "bodily" in reference to injury instead of "serious" injury, as indicated by its reference to the distinction in its explanation.

■ We believe that the legislature's intent was reflected in its explanation, a conclusion upheld by close scrutiny of the statute. The code indicates a serious misdemeanor involves an assault resulting in bodily injury *or* disabling mental illness. Iowa Code § 708.2 (1983). Disabling mental illness is used as one definition of serious injury at section 702.18 of the code. We do not believe the legislature would have been redundant and referred to disabling mental illness, if bodily injury meant serious injury. We must avoid construction which renders part of a statute superfluous, and it is presumed the legislature intended a purpose for every part of a statute. *George H. Wentz, Inc. v. Sabasta,*

337 N.W.2d 495, 500 (Iowa 1983). If we are to reconcile the use of these two words in the same sentence, then bodily injury must mean something different than serious injury.

The statute at section 702.18 in defining serious injury also makes several references to "bodily injury which...." and then adds some circumstance showing a tendency to aggravate bodily injury. This indicates that the legislature intended bodily injury, plus something more, equals serious injury. When identical language is used in the same enactment in several places, it is given the same meaning. *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 286 (Iowa 1983). This reference shows bodily injury is inadequate in itself to rise to serious injury, and can be carried over to the reference to bodily injury at section 708.2 of the code.

In adopting the definition of bodily injury as that described by the court at *State v. McKee*, 312 N.W.2d at 913, instead of serious injury, we do not believe this makes simple assault and assault without intent to cause serious injury indistinguishable. A simple assault is a catch-all for other assaults and would include those where the action against the victim does not cause physical pain, illness, or impairment of a bodily function.

We believe that, looking at the statute as a whole, construing it to give meaning to each part, and looking at the intent of the legislature, that bodily injury as it is referred to in section 708.2(2) of the code does not mean serious injury. Instead, the bodily injury required resulting in a serious misdemeanor is that defined by our courts at *State v. McKee*, 312 N.W.2d at 913 of "physical pain, illness or any impairment of physical condition."

Our decision today does not affect the defendant. When a defendant has been found not guilty of a crime, double jeopardy attaches to any further actions on the charge, and a reversal of judgment constitutes an announcement of law. *State v. Dillard*, 225 Iowa 915, 919, 281 N.W. 842, 844 (1938); *State v. Patton*, 206 Iowa 1347, 1349, 221 N.W. 952 (1928).

REVERSED.