**In the Interest of F.E.Z., JR., A Minor Child, State of Iowa, Appellant.**

**No. 88–677.**

Court of Appeals of Iowa.

Nov. 29, 1988.

Thomas J. Miller, Atty. Gen. of Iowa, and Valencia Voyd McCown, Asst. Atty. Gen., for appellant State.

Charles H. Levad, Mason City, for appellees natural mother and material grandmother.

Susan Flander, Mason City, guardian ad litem for the child.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

The State filed this interlocutory appeal after the juvenile court overruled the State's motion to dismiss an application filed by the natural mother asking the juvenile court to set aside a 1983 termination order pursuant to Iowa Code section 600A.9(2). For the reasons set out below, we affirm the decision of the juvenile court.

## I.

In November of 1987 the natural mother filed an application asking the 1983 termination order be vacated pursuant to Iowa Code section 600A.9(2). The State moved to dismiss this application for want of jurisdiction; arguing section 600A.9(2) allows vacation of a termination order only if the termination had initially been completed pursuant to the authority of chapter 600A rather than chapter 232.

The district court overruled the State's motion, holding it had jurisdiction to consider an application to vacate a termination order, regardless of whether the termination was initially accomplished under chapter 600A or chapter 232. The State has appealed with permission from the juvenile court's interlocutory ruling.

## II.

As grounds for this appeal, the State again asserts the juvenile court lacks jurisdiction to vacate the prior termination of the appellee/mother's parental rights because Iowa Code section 600A.9 (1987) applies only to terminations adjudicated under 600A and not those obtained through the provisions of Iowa Code chapter 232. Section 600A.9 states in pertinent part:

2. If an order is issued under subsection 1, paragraph "b" of this section, the juvenile court shall retain jurisdiction to change a guardian or custodian and to allow a terminated parent to request vacation of the termination order if the child is not on placement for adoption or a petition for adoption of the child is not on file. The juvenile court shall grant the vacation request only if it is in the best interest of the child.

In further support of its argument, the State contends Iowa Code section 600A.5 establishes the legislature intended chapters 600A and 232 to possess independent statutory authority to carry out terminations of parental rights. Section 600A.5(2) states: "If a juvenile court has made an order pertaining to a minor child under chapter 232, division III, and that order is still in force, the termination proceedings shall be conducted pursuant to the provisions of chapter 232, division IV." From this passage, the State reasons the legislature intended for section 600A.9 to apply only to orders that are pursuant to that *section*. [Emphasis added.]

The natural mother responds all terminations in Iowa are ultimately conferred under the authority of chapter 600A. In short, the mother's argument is, although chapter 232 may provide a procedural path with which to arrive at a termination it provides no independent statutory authority, thus, actual termination must be effectuated through section 600A.3. This section is entitled "Exclusivity" and states in relevant portion: "Termination of parental rights shall be accomplished only according to the provisions of this chapter." Iowa Code § 600A.3 (1987).

Where there is no factual dispute, we review trial court's conclusions as a matter of law; in reviewing law issues, we are not bound by the trial court's ruling. *Dickinson Company v. City of Des Moines*, 347 N.W.2d 436, 439 (Iowa App.1984).

## III.

The sole issue presented here is whether the legislature intended chapter 232 to provide an independent statutory vehicle to accomplish termination of parental rights or simply an alternative to channel to termination which derives its power from chapter 600A.

■ The intent of the legislature is the polestar of statutory construction. *State v. Luppes*, 358 N.W.2d 322, 324 (Iowa App. 1984). However, we will not construe a

statute if its meaning is clear from the language employed. *Id.* In the same light, we will look to the object to be accomplished and the evils and mischiefs sought to be remedied in reaching a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it. *Shidler v. All American Life & Financial,* 298 N.W.2d 318, 321 (Iowa 1980).

The appellee/mother urges the language of section 600A.3 clearly leads to a conclusion it is the exclusive remedy in termination cases. There is no reported decision on point, however, a 1987 Iowa Supreme Court decision aids us in our analysis. In its decision addressing the admissibility of hearsay evidence in termination proceedings, the court began its analysis by following the provisions of chapter 600A until it reached section 600A.5. Here the court noted the statutes bisected forming separate procedural paths for the resolution of disputed termination proceedings. *In Interest of E.J.R.,* 400 N.W.2d 531, 533 (Iowa 1987). Important here is the court acknowledged section 600A.3 (which provides termination "shall be accomplished only according to the provisions of this chapter") as its starting point, indicating its belief that 600A.3 is where the legislature has given exclusive authority to terminate parental rights. *E.J.R.,* 400 N.W.2d at 531. We agree with this analysis.

Chapter 600A was adopted prior to 1966 when the juvenile justice act was enacted (now chapter 232) and the legislature has never acted to amend or repeal section 600A.3. The legislature therefore intended to provide in chapter 232 a second procedure for instituting termination proceedings, but not for the actual termination itself. Thus, we determine section 600A.9 is applicable to all termination proceedings.

Finally, we note the golden thread running through both chapter 600A and chapter 232 is the best interests of the child. We do not believe the liberal intent of the legislature to assure the best interests of the child can be accomplished by a construction which would tie the hands of ju-venile courts in these matters. These provisions should be construed broadly to ensure the court has the ability to achieve its statutorily mandated goal of protecting and providing for the best interests of the children involved. To decide this case differently, would work against the legislature's stated intent.

AFFIRMED.