# IN THE COURT OF APPEALS OF IOWA

No. 19-0707
Filed March 4, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER MICHAEL RETMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jasper County, Thomas P. Murphy,

Judge.


        Christopher Retman appeals following his guilty plea to arson in the third

degree. **AFFIRMED.**


        Karmen Anderson of Anderson & Taylor, P.L.L.C., Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.


        Considered by Doyle, P.J., May, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**MAHAN, Senior Judge.**

Christopher Retman appeals, challenging the factual basis for his guilty plea to the charge of arson in the third degree. Upon our review, we affirm.

Retman contends his counsel was ineffective in allowing him to plead guilty to the arson charge without a factual basis.[1] To prevail on his claim,[2] Retman must show counsel (1) failed to perform an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). If counsel allows a defendant to plead guilty without a factual basis, counsel has breached a duty and we presume the defendant was prejudiced. *See State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011).

A guilty plea may not be accepted by a court without the court first determining the plea is supported by a factual basis. *See* Iowa R. Crim. P. 2.8(2)(b). When analyzing a record to determine if the record supports a factual basis for a plea, courts "do not require the record to show the totality of evidence necessary to support a guilty conviction, but only that the record demonstrates the facts to support the elements of the offense." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). A factual basis can be discerned from "(1) the prosecutor's statements, (2) the defendant's statements, (3) the minutes of testimony, and

---

[1] Iowa Code section 814.7 was recently amended, eliminating direct-appeal ineffective-assistance-of-counsel claims. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2019)). This amendment applies only prospectively and therefore does not apply to this case, which was pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

[2] Generally, a defendant's failure to file a motion in arrest of judgment bars a direct appeal of the conviction, *see* Iowa R. Crim. P. 2.24(3)(a), but this failure does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel, as alleged by Retman, *see State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

(4) the presentence report, if available at the time of the plea." *Id.* In reviewing minutes of testimony, the court will consider police reports that include a defendant's statements. *See id.* at 31.

To determine whether Retman's guilty plea is supported by a factual basis, we first turn to the elements of the offense. The Code defines arson as follows:

> Causing a fire or explosion, or placing any burning or combustible material, or any incendiary or explosive device or material, in or near any property with the intent to destroy or damage such property, or with the knowledge that such property will probably be destroyed or damaged, is arson, whether or not any such property is actually destroyed or damaged.

Iowa Code § 712.1(1).

"Arson is arson in the first degree when the presence of one or more persons can be reasonably anticipated in or near the property which is the subject of the arson, or the arson results in the death of a fire fighter, whether paid or volunteer." *Id.* § 712.2.

> Arson which is not arson in the first degree is arson in the second degree when the property which is the subject of the arson is a building or a structure, or real property of any kind, or standing crops, or is personal property the value of which exceeds five hundred dollars.[3]

*Id.* § 712.3. "Arson which is not arson in the first degree or arson in the second degree is arson in the third degree." *Id.* § 712.4.

The record in this case reflects the following. Retman drove onto Christopher Cook's property,[4] threw a lit and smoking cylinder object at Cook's

---

[3] This statute was amended effective July 1, 2019, to increase the value of property to seven hundred fifty dollars. *See* 2019 Iowa Acts ch. 140, § 10 (codified at Iowa Code § 712.3 (2019)).
[4] Cook was a witness in a case Retman was involved in.

residence from his moving vehicle, and then drove away. The "cylinder object," later determined to be a firework, landed on top of a dumpster near Cook's vehicles. The dumpster was burned, but the firework eventually extinguished on its own due to moisture on the dumpster lid.

The State charged Retman with arson in the third degree and tampering with a witness, but an agreement was reached in which Retman would plead guilty to arson in the third degree and the tampering-with-a-witness charge would be dismissed. Retman's written guilty plea stated: "I placed an incendiary device, a smoke grenade, adjacent to a building on Chris Cook's property in Jasper County, IA on 10/1/18, knowing that it would likely cause damage thereon."

Evidence in the record provided a factual basis to support his plea of arson in the third degree. *See* Iowa Code § 712.1(1) (defining one alternative of arson as "placing any burning or combustible material . . . in or near any property . . . with the knowledge that such property will probably be destroyed or damaged"). But Retman contends because he pled guilty to the "explosive or incendiary device" alternative of the statute and because a firework "smoke bomb is not an explosive or incendiary device," his plea lacked a factual basis. *Cf. id.* § 712.1(1) (defining another alternative of arson as "placing any . . . incendiary or explosive device . . . in or near any property . . . with the knowledge that such property will probably be destroyed or damaged").

Even accepting, *arguendo,* Retman's claim that a firework "smoke bomb" is not an explosive or incendiary device,[5] we find his factual-basis argument

---

[5] *See State v. Durgin*, 328 N.W.2d 507, 509 (Iowa 1983) (distinguishing fireworks, specifically excluded under the Code definition of explosives, from explosive

unpersuasive. The State charged Retman with arson in the third degree, without setting forth any specific theory of the case:

> Arson in the Third Degree, a violation of Iowa Code section(s) 712.1, 712.4, in that on or about October 1, 2018 in Jasper County, Iowa, the Defendant directly and unlawfully committed arson in the third degree upon the personal property of Christopher and Elizabeth Cook, the value of which does not exceed $500.

The State's charge against Retman carried with it all included offenses. *See* Iowa R. Crim. P. 2.22(3) (stating "[i]n all cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which the defendant is charged"); *cf. State v. Lipsey*, No. 13-1062, 2014 WL 3931434, at *2 (Iowa Ct. App. Aug. 13, 2014). Iowa Code section 712.1(1) sets forth different modes of committing the offense of arson, and sections 712.2 and 712.3 provide for circumstances in which those offenses in section 712.1(1) qualify as arson in the first degree or second degree. "Arson which is not arson in the first degree or arson in the second degree is arson in the third degree." *Id.* § 712.4.

It was the district court's obligation to determine whether there was a factual basis supporting Retman's guilty plea to the crime charged. *Cf. State v. Gross*, No. 18-0048, 2018 WL 6120052, at *3 (Iowa Ct. App. Nov. 21, 2018) ("The statute sets forth different modes of committing the offense of arson in the second degree. . . . While the prosecutor thought the "building or structure" alternative was applicable here, that did not preclude the district court from inquiring about

---

devices, and holding fireworks were pyrotechnic devices manufactured for the purpose of producing visible or audible effect); 4 Robert R. Rigg, *Iowa Practice Series: Criminal Law* § 9:15 (2019-2020 ed.) (same); *see also* Iowa Code § 702.21 ("An 'incendiary device' is a device, contrivance, or material causing or designed to cause destruction of property by fire.").

another mode of committing the offense. . . . Instead, it was the district court's obligation to determine whether there was a factual basis supporting the defendant's guilty plea to the crime charged."). As noted above, Retman's guilty plea to arson in the third degree was supported by a factual basis. *See* Iowa Code §§ 712.1(1), 712.4. Accordingly, defense counsel was not ineffective in failing to challenge the plea on that basis.

**AFFIRMED.**