# IN THE COURT OF APPEALS OF IOWA

No. 22-1653
Filed July 3, 2024

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MANDELL CLARK,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Kurt J. Stoebe, Judge.

A defendant seeks to vacate his guilty plea, alleging the district court erroneously denied his post-plea motion to adjudicate law points. **APPEAL DISMISSED.**

Jennifer Bennett Finn of Pelzer Law Firm, LLC, Estherville, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Schumacher, J., and Vogel, S.J.*  Buller, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**VOGEL, Senior Judge.**

Mandell Clark seeks to directly appeal from his guilty plea to possession of marijuana with intent to deliver, a class "D" felony. Forty days after pleading guilty and shortly before his sentencing, Clark filed a "motion for adjudication of law points," asking the district court to opine on Clark's available remedies following law enforcement's alleged failure to provide him with a written inventory of the seized contraband. The motion-to-adjudicate was explicitly *not* a motion in arrest of judgment. Rather, it asked for an opinion on available remedies, which in turn would inform whether Clark would be able to move in arrest of judgment and thereby withdraw his guilty plea. The district court denied the motion and Clark never moved in arrest of judgment. Given that failure, he lacks good cause to appeal from his guilty plea and we thus dismiss this appeal for want of jurisdiction.

## I. Factual Background and Proceedings.

In March 2022, the State charged Clark with three counts: (1) possession with intent to deliver less than fifty kilograms of marijuana, in violation of Iowa Code section 124.401(1)(d) (2022); (2) possession of a controlled substance, methamphetamine, first offense, in violation of Iowa Code section 124.401(5); and (3) interference with official acts, resulting in bodily injury, in violation of Iowa Code section 719.1(1)(a) and (c). Two months later, Clark pleaded guilty to Count I and the State agreed to dismiss the other two counts.

As part of his written plea, Clark admitted to knowingly possessing marijuana with an intent to deliver the same. He also acknowledged that if he "wish[ed] to challenge this Plea of Guilty, [he] must do so by filing a motion in arrest of judgment at least five (5) days prior to the Court imposing sentence, but no more

than 45 days from today's date."[1]  A week later, the district court accepted Clark's plea and scheduled a sentencing hearing.

Forty days after his guilty plea, and five days before his sentencing hearing, Clark filed a "motion for adjudication of law points."   According to Clark, law enforcement seized a bag of methamphetamine, bags of marijuana, a scale, and rolling papers during his arrest.  But Clark alleges he was never given a written inventory of that seized contraband, contrary to Iowa Code section 809.2.[2]  Clark's motion "ask[ed] the Court to adjudicate the law point(s) regarding the remedy or remedies available to Defendant for the officer's clear violation of a mandatory legal duty imposed by statute."  Depending on which remedies the court identified, Clark argued he "should be given the opportunity to file a Motion in Arrest of Judgment, Motion to Dismiss, Motion to Suppress or otherwise avail himself of available legal remedies for the violation of his statutory right."  Clark also asked the court to "adjudicate" whether the lack of a written inventory rendered the contraband "inadmissible and subject to suppression."  Then, "*[o]nce the Court so*

---

[1] After this case was submitted, our supreme court decided *State v. Hightower*, __ N.W.3d __, 2024 WL 3075781 (Iowa June 21, 2024).  There, the court found a defendant was not adequately advised that she needed to file a motion in arrest of judgment while awaiting sentencing.  *Id.* at *3–5.  Clark makes no similar argument here, so we do not consider whether his failure to file a motion in arrest of judgment could be excused under *Hightower*.

[2] That section states,

> The officer taking possession of seized property shall make a written inventory of the property and deliver a copy of the inventory to the person from whom it was seized.  The inventory shall include the name of the person taking custody of the seized property, the date and time of the seizure, and the law enforcement agency seizing the property.

Iowa Code § 809.2.

*adjudicates*," Clark argued he "should be granted the opportunity to withdraw his guilty plea and have the case dismissed." (Emphasis added.)

The district court denied the motion, noting Clark knew that law enforcement seized his contraband before entering a guilty plea. The court reasoned if Clark "wished to argue that certain evidence should have been suppressed and, therefore, his guilty plea violated constitutional safeguards—a motion in arrest of judgment was the correct procedural attack." *See generally* Iowa R. Crim. P. 2.24(3). The court further concluded that Clark had been advised that he must move in arrest of judgment if he wished to challenge his plea, and his alternative motion to adjudicate law points was "an improper attempt to circumvent this important statutory requirement."

Clark was later sentenced to five years in prison. Clark filed a notice of appeal, and now argues on direct appeal that his plea should be vacated, his judgment of conviction should be reversed, and he should be allowed to plead again.

## II. Jurisdiction.

The State asserts we lack jurisdiction over this appeal, and we agree. A criminal defendant who pleads guilty generally has no right to directly appeal his or her conviction. Iowa Code § 814.6(1)(a)(3). This rule has two exceptions—defendants who plead guilty to class "A" felonies and those who establish "good cause." *Id.* When seeking to vacate a guilty plea, a necessary condition to establishing good cause is timely moving in arrest of judgment. *See State v. Hanes*, 981 N.W.2d 454, 460–62 (Iowa 2022); *State v. Damme*, 944 N.W.2d 98, 105–08 (Iowa 2020). If a defendant fails "to file a motion in arrest of judgment, he

cannot establish good cause to pursue [a] direct appeal from his guilty plea as a matter of right." *Hanes*, 981 N.W.2d at 462; *see also State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021); Iowa R. Crim. P. 2.24(3)(a)(2).

Clark ignores this precedent and instead summarily asserts he has a "legally sufficient reason" to pursue a direct appeal because "the district court did not properly consider the motion for adjudication of law points." But Clark's good-cause argument collapses the distinction between merits and jurisdiction. To secure appellate jurisdiction over his guilty plea, he must have moved in arrest of judgment—allowing the district court the opportunity to afford the relief he now seeks on appeal. What's more, Clark does not urge us to treat his motion for adjudication of law points as functionally moving in arrest of judgment. *See State v. Allen*, 304 N.W.2d 203, 206 (Iowa 1981) (explaining courts "look to the substance of a motion and not its label" and "treat[ing] the motion for acquittal as a motion to dismiss"). Although the State recognizes this potential argument—and compellingly argues the distinct purposes of each motion show Clark's chosen vehicle was no mere misnomer—Clark does not make this argument, so we do not address it. *See State v. Struve*, 956 N.W.2d 90, 99 n.2 (Iowa 2021) (emphasizing courts "do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties" (cleaned up)).

Because Clark was advised he must move in arrest of judgment to challenge his guilty plea and he failed to do so, *see Treptow*, 960 N.W.2d at 109, we lack jurisdiction over this appeal, *State v. Rutherford*, 997 N.W.2d 142, 144 (Iowa 2023).

**III. Conclusion.**

Clark failed to show good cause to pursue a direct appeal from his guilty plea, and we therefore dismiss this appeal for want of jurisdiction.

**APPEAL DISMISSED.**