PER CURIAM.
Governor George C. Wallace appointed his wife’s brother, Hubert Taylor, to a vacancy on the Court of Criminal Appeals. Harry Lyon, the appellant here, filed a quo warranto action, contending that the appointment violated § 41-1-5, Code 1975. The trial court held that § 41-1-5, Code, this state’s Anti-Nepotism Act, did not apply to judicial appointments. Lyon appealed. We affirm.
The Governor is authorized by the Constitution to fill vacancies in judicial offices. Governor Wallace appointed Fred C. Folsom to the office of circuit judge of the Thirty-Second Judicial Circuit in October 1972. Folsom was related to the Governor, by marriage, within the fourth degree of affinity, as computed by the civil law rule. Owen v. State, 255 Ala. 354, 51 So.2d 541 (1951) (the Nolan Chart of Relationships and Degrees of Kindred is set out in that opinion).
At that time, the qualifications for judges were contained in Article VI, § 154, Constitution of 1901:
“Chancellors and judges of all courts of record shall have been citizens of the United States and of this state for five years next preceding their election or appointment, and shall be not less than twenty-five years of age, and, except judges of probate courts, shall be learned in the law.”
At that time, as now, the Anti-Nepotism Act, then codified at Tit. 55, § 15(1), Code 1940, as amended, and now found at § 41— 1-5, Code 1975, read as follows:
“No officer or employee of the state or of any state department, board, bureau, committee, commission, institution, corporation, authority or other agency of the state shall appoint any person related to him within the fourth degree of affinity or consanguinity to any job, position or office of profit with the state or with any of its agencies. Any person related to the appointing authority within the prohibited degree shall be ineligible to serve in any capacity with the state under authority of such an appointment, and any appointment so attempted shall be void. Whoever violates this section is guilty of a misdemeanor and shall be punished by a fine not to exceed $500.00 or by imprisonment not to exceed one year, or both. This section shall not apply, however, in the case of an appointment of a person to a position in the classified service of the state made from the register of persons eligible as certified by the state director of personnel.”
The Governor posed two questions to the Court, viz., whether the anti-nepotism statute violated the Constitution either by placing a legislative limitation on the constitutional qualifications of a circuit judge or by legislatively restricting the constitutional authority of the Governor to appoint circuit judges. Responding to these questions, the Justices said:
“Nepotism statutes, being highly penal, must be strictly construed. 67 C.J.S. Officers § 22, p. 133.
“This court has not construed our Anti-Nepotism Statute, Act No. 588, Acts of Alabama 1963, Vol. 2, p. 1285, listed in the 1958 Recompilation as Tit. 55, § 15(1). We opine that the intent and purpose of the statute is to prohibit the appointment or employment by the appointing authority of persons related to him who will serve in subordinate jobs, positions or offices of profit in the State government. Historically, that has been the reason for the enactment of such statutes throughout the United States.
*484 “A circuit judge is a member of the Judicial Branch of the government which, under our Constitution is a separate and equal branch of the government. A judge is not subordinate to the Executive Branch of the government or the Legislative Branch of government. Once appointed, he is not responsible to the appointing authority, the Governor, or to the Legislature and neither the Governor nor the Legislature exercises any control or supervision over an appointed circuit judge. His appointive term is limited by Section 158 of the Constitution, and any subsequent and consecutive tenure is dependent on his election by the people.
“It is our opinion that the Legislature has no authority to restrict by statute the qualifications for circuit judges stated in Section 154 of the Constitution, or to impair the right of appointment of judges by Section 158 of the Constitution.
“It is, therefore, our opinion that Act No. 588 does not apply to a gubernatorial appointment of a circuit judge, and if the proposed appointee meets the constitutional qualifications for that office, he may be appointed to it.
“We are not to be understood as opining that Act No. 588 is invalid or unconstitutional. There is a proper field for its operation. But it, like all statutes, must be deemed to be limited by, and subservient to, the provisions of our State Constitution.
“Therefore, where the Constitution confers upon the Governor the power to make appointments to judicial office, and further specifies the qualifications of those eligible for such appointment, the Legislature cannot limit, by statute, those qualifications included in the Constitution, either directly or indirectly.
“Conversely, when the qualifications for appointees for positions in State government, either Executive, Legislative or Judicial, are not specified in our Constitution, then the Legislature is free to set for such appointees, any reasonable qualifications as it may deem advisable.”
Opinion of the Justices, 291 Ala. 581, 584, 285 So.2d 87 (1973).
The current constitutional provision setting out the qualifications for judges is found at Amendment 328, § 6.07, Constitution. It provides:
“Judges of the supreme court, courts of appeals, circuit court and district court shall be licensed to practice law in this state and have such other qualifications as the legislature may prescribe. Judges of the probate court shall have such qualifications as may be provided by law.”
The appellant argues that the adoption of Amendment 328, the Judicial Article, in December 1973, destroys any validity the foregoing opinion might have had as precedent and further argues that the readoption of the Anti-Nepotism Act by adopting the 1975 Code makes it applicable to judicial appointments.
We cannot agree with this argument. In Opinion of the Justices, supra, the purpose of the statute was said to be served, making it inapplicable to judicial appointments, by the fact that a judge is not subordinate, and cannot under the Constitution be subordinate, either to the executive or to the legislative branch. Neither can exercise any control or supervision over a judge, once appointed. Thus, the perceived evil which the Anti-Nepotism Act seeks to address does not arise in judicial appointments. The constitutional requirement of strict separation of powers between an executive department, a legislative department, and a judicial department supplies in a more fundamental and forceful way protection against any interference by the appointing authority with an appointed judge.
By eliminating a citizenship requirement and an age requirement from the constitutional list of qualifications and vesting in the legislature authority to prescribe additional qualifications, the framers of the new Judicial Article left to the legislature the prerogative to enlarge upon the constitutional qualifications of judges, so long as such additional qualifications are reasonable and so long as such legislation does not *485 impinge on other provisions of the Constitution, specifically Article III, § 42.
We hold that § 41-1-5, Code 1975, does not apply to judicial appointments for the reasons stated. The judgment of the trial court is affirmed.
AFFIRMED.
All the Justices concur, except MADDOX, J., recused.