ALMON, Justice.
This appeal comes from a judgment for the plaintiff in a declaratory judgment action. William M. Mingus, Jr., brought an action against the Mobile County Personnel Board and the City of Mobile, requesting that he be declared eligible for the position *840 of Police Officer I with the City. The Personnel Board had omitted his name from the list of persons eligible, even though he had passed the examinations required for inclusion on the list, because Mingus’s father was the Chief of Police.
Act No. 470, Local Acts of 1939, provides for a civil service merit system for the County of Mobile. Under “Section XXVII, CORRUPT PRACTICES,” it provides, in pertinent part:
“(d) Anything in this Act which might be construed to the contrary notwithstanding, no person whether employed at the time of the passage of this Act in the Classified Service as defined in this Act, or who applies for appointment to any position in the Classified Service after the passage of this Act, shall be allowed to fill any position within the Classified Service, or allowed to continue to hold such position, if said person is related by blood or marriage within the fourth degree to the Public Officer who is or would be his or her superior, or so related to any member of any Board or Body, constituting the appointing authority over such position, and the Personnel Board and Personnel Director shall administer this act accordingly. The Commission of any such corrupt practice shall be a misdemeanor punishable as such in said County.”
Mingus argues, and the trial court agreed, that this statute prohibits only the hiring of persons who are unqualified for the position if their prospective superior or a member of the appointing authority is related to them within the fourth degree. Mingus argues further that the only ground on which a nepotism statute could be sustained is that of preventing the hiring of unqualified persons. Mingus’s complaint only sought a declaration that it was the intent of the legislature to exempt qualified persons from the prohibition quoted above; it did not challenge the constitutionality of the statute.[1] Therefore, we are not called upon to resolve any such question.
Mingus alleges that other situations exist in which individuals employed by the county are related to their superior within the fourth degree. The fact that the Act may have been violated in the past is not a ground for directing the Personnel Board and its Director to violate it in this case.
In Opinion of the Justices No. 212, 291 Ala. 581, 285 So.2d 87 (1973), five Justices of this Court expressed the opinion that the legislature could not limit the qualifications for circuit judges set forth in the Constitution and that therefore the anti-nepotism statute applicable to state officers and employees, Code 1975, § 41-1-5, could not disqualify a person from appointment as a circuit judge simply because he was related to the Governor’s wife. The Court in State v. Taylor, 437 So.2d 482 (Ala.1983), approved of this reasoning and relied especially on the further reasoning in Opinion of the Justices No. 212, that, because of the separation of the executive and judicial branches, a judge is not, and cannot be, subordinate to the Governor. These are the only two cases which our research has disclosed interpreting § 41-1-5, and we have found none applying § XXVII of Act 470.
In Opinion of the Justices No. 212, supra, it was stated,
“We opine that the intent and purpose of the statute [are] to prohibit the appointment or employment by the appointing authority of persons related to him who will serve in subordinate jobs, positions or offices of profit in the State government. Historically, that has been the reason for the enactment of such statutes throughout the United States.”
291 Ala. at 584, 285 So.2d at 90. Section 41-1-5 “shall not apply, however, in the case of an appointment to a position in the classified service of the state made from the register of persons eligible as certified by the state director of personnel.”
We agree with the fundamental rationale of the learned trial judge and with the exception included in § 41-1-5; however, *841 Act 470 contains no such exception, and we are not at liberty to vary the unambiguous prohibition in Act 470.
The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.

. Mingus did file in this Court, after the Personnel Board filed its notice of appeal, a motion for leave to file a Rule 60(b), A.R.Civ.P., motion to amend his complaint to challenge the constitutionality of Act 470, but this Court denied that motion.